## COLE v. STEARNS.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. ATTACHMENT—AGREEMENT FOR DISCHARGE—CONSIDERATION.

Where a creditor has obtained an attachment upon the debtor's property, the debtor's agreement to transfer to him the personal property levied upon, and to give him a mortgage upon the real property, furnishes a sufficient consideration for the creditor's agreement to discontinue the action and vacate the attachment.

2. SAME—BREACH—MEASURE OF DAMAGES.

If, in breach of such an agreement, the creditor proceeds, under process issued in the action, to sell the debtor's property, the measure of the debtor's damages is the difference between the real value of the property thus sold, and the lesser amount realized upon the sale, and applied on the indebtedness.

3. SAME—PLEADING—NATURE OF CAUSE OF ACTION.

In such a case the debtor's cause of action is based upon a violation of a contract, and his allegation of a forced sale of the property for an inadequate price does not change its nature from contract to tort.

4. PAROL AGREEMENTS—REDUCTION TO WRITING—BREACH.

If, where it was understood between the parties to a completed oral agreement that it should be reduced to writing and executed, one party presents for execution a writing not in accordance with its terms, the other is justified in refusing, and may, in case of breach, have his action on the oral agreement which he has performed on his part.

Appeal from trial term.

Action by Frederick W. Cole against George A. Stearns. From a judgment entered on a decision of the court in favor of defendant on a trial without a jury, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eustace Conway, for appellant.

Oscar Frisbie, for respondent.

INGRAHAM, J. The action was to recover upon a promissory note made by the defendant. The defendant, in his answer, set up a counterclaim, alleging an agreement by which the Shepard & Morse Lumber Company, plaintiff's assignor, was to settle a certain action against the defendant in the state of New Jersey; and

discontinue such action, and vacate an attachment proceeding in it in New Jersey, the defendant to give to the plaintiff security for the payment of the amount claimed in that suit; that the defendant performed this agreement upon his part, but that the plaintiff failed to discharge the attachment and discontinue the action, but pro- ceeded under process issued therein to sell the defendant's property, by which the defendant sustained damage to the amount of $4,000; and the defendant seeks to offset such damage against the amount due to the plaintiff, who held the note in suit by assignment from the party to the agreement upon which the counterclaim was based. The plaintiff was the agent and representative of the Shepard & Morse Lumber Company, who were the owners of the note at the time of the agreement between said corporation and the defendant. The plaintiff replied to this counterclaim by a denial. The action was brought on for trial before the court, without a jury, who found that such an agreement was made, and was fully performed by the defendant on his part; that the property levied upon and sold by the plaintiff's assignor was actually worth about $6,000, subject to a mortgage for $2,000, but that the same was sold upon the sheriff's sale for $1,700, and that such sale resulted in a direct pecuniary loss to the defendant of about $2,300, being $800 more than the indebtedness sued on; that this breach of the obligation of the Shepard & Morse Lumber Company was a good counterclaim or set- off against the amount sued for in this action; that the agreement was founded upon a good consideration; and that the damages nat- urally and directly flowing from the breach were the difference be- tween the actual value of the property and what it realized at the sheriff's sale; and that, as the difference amounts to more than the plaintiff's demand, the defendant was entitled to a judgment in his favor against the plaintiff. The defendant assumed the affirmative upon the trial, and gave evidence tending to show the making of the agreement, his executing the mortgage and bill of sale, and trans- ferring the personal property provided for by the agreement, and the delivery of the same to the plaintiff, as the agent of the Shepard & Morse Lumber Company. There was also executed by the plain- tiff, as the representative of the Shepard & Morse Lumber Company, and delivered to defendant, an agreement whereby the said lumber company was to finish and repair the dwelling house on the mort- gaged premises so as to fit such house for occupation and rental, and keep the same in repair for one year, at an expense not to exceed $300. There was also executed by the defendant, and delivered to the plaintiff, a direction to the sheriff to deliver the personal prop- erty to the plaintiff; and there was evidence tending to sustain the finding of the court that the property of the defendant in New Jersey was actually worth about $6,000, subject to a mortgage of $2,000; and that the property was sold by the sheriff under the execu- tion against the defendant for $1,700, which, under the law as it then existed in New Jersey, was divided among all of the creditors of the defendant.

We can see no reason why this was not a valid contract, for a breach of which the plaintiff's assignor was liable. The plaintiff's

assignor had sued the defendant in the state of New Jersey, and had obtained an attachment upon his property. The agreement contemplated a transfer of the personal property of the defendant upon which such attachment had been levied to the plaintiff's assignor, a mortgage upon certain real estate held by the defendant in the state of New Jersey, which mortgage was to be executed by the defendant and his wife to secure the defendant's indebtedness to the plaintiff's assignor, and, upon the execution of such instrument, the discontinuance of the action against the defendant, the discharge of the attachment, the satisfaction of the claim of plaintiff's assignor from the proceeds of the personal property, and the delivery of the mortgage upon real estate to be held as security for the payment of the balance of such indebtedness. There was certainly a good consideration for the agreement of the plaintiff to discontinue the action against the defendant, and to release the property from the levy under the attachment. This agreement was violated by the plaintiff's assignor, which resulted in the sacrifice of the defendant's property at a sum much less than its real value.

We also think that, upon a breach of such an agreement, the measure of damages is the difference between the real value of the property sold under the execution obtained in the action against the defendant in New Jersey and the amount realized upon such sale which was applied to the payment of the defendant's obligation. The finding of the court as to the making of this agreement, the performance of the contract on the defendant's part, and its breach by the assignor, were all sustained by the evidence. The story of the plaintiff was corroborated by the execution and delivery of the bill of sale of the personal property and of the mortgage, and their retention by the plaintiff, acting as the agent of the corporation. The evidence of the defendant tends to show that this agreement was a completed oral contract, executed by the defendant. The plaintiff's claim was that there was not a completed contract, but that the negotiations contemplated the formal execution of the written agreement between the parties, which was subsequently presented to the defendant for execution, and which he refused to execute, and in consequence of which the plaintiff's assignor proceeded to enforce its judgment. This question of fact was submitted to the trial court, which decided in favor of the defendant, and this finding of fact was sustained by the evidence.

It is conceded that the defendant executed the instruments which by the contract he was to execute, and delivered them to the plaintiff or to the plaintiff's assignor. While it is quite possible that we would not be justified in reversing a finding by the court below that the understanding between the parties was not a final contract, but was to be subsequently evidenced by a formal written contract had such a finding been made, there was evidence to sustain the defendant's contention that the oral contract was a completed one, and that the formal written contract presented by the plaintiff to the defendant for execution was not in accordance with the terms of the oral agreement, and that the defendant was justified in refusing to execute it, relying upon the oral contract which he had per-

formed. The question as to whether such was the understanding between the parties, or whether there was a completed oral agreement which was performed by the defendant, was a question of fact, which has been decided by the court below in favor of the defendant; and as before stated, as there was evidence to sustain such a finding, we would not be justified in interfering with it. It was not against the weight of evidence. The defendant's contention is sustained by the execution and delivery by him of the bill of sale and the bond and mortgage, and its acceptance and retention by the plaintiff. The counterclaim is based upon a violation of a contract, not upon a tort. But for the contract, the plaintiff or his assignor would have had the right to proceed and sell the defendant's property. The wrong alleged consisted of proceeding to have the defendant's property sold after an agreement to discontinue the action and release the property from the discharge of the lien obtained under the attachment. The counterclaim was therefore based upon a breach of the contract made by the plaintiff's assignor with the defendant.

The allegation of a forced sale of the property in New Jersey for an inadequate price was necessary to show the damage caused by that breach of the contract made by the plaintiff's assignor, and does not change the nature of the cause of action upon which the counterclaim was based. Nor was this defendant bound to go to the state of New Jersey, and move in the New Jersey action. He had a right to rely upon the engagement of the plaintiff's assignor to discontinue the action, and to hold the corporation liable for a breach of that contract. The exceptions taken upon the trial do not appear to be relied upon by the plaintiff, and do not require notice.

I think the judgment was right, and should be affirmed, with costs. All concur.