In the Matter of the Claim of WALTER BURMESTER against ANTONIO DE LUCIA et al., and MARYLAND CASUALTY COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Appellant.

**316**

(Submitted November 21, 1933; decided January 16, 1934.)

*John J. Bennett, Jr., Attorney-General (John R. O'Hanlon* of counsel), for appellant. By filing a claim for compensation the claimant elected to take compensation under the Workmen's Compensation Law and the subsequently instituted common-law suit was a nullity. (*Matter of Breital* v. *Hinderstein,* 236 App. Div. 203; 261 N. Y. 556; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273.) The insurance carrier by its conduct has waived any defense of prejudice by reason of the discontinuance of the third party suit subsequent to the expiration of the Statute of Limitations. (*Kiernan* v. *Dutchess County Mut. Ins. Co.,* 150 N. Y. 190.)

*William S. Sinclair* and *James J. Mahoney* for respondent. Claimant is estopped from asserting any claim for compensation against respondent. He, and the employers acting without the consent or knowledge of the respondent, gave away all its rights against the wrongdoer. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273.)

HUBBS, J. Claimant was injured on April 13, 1927. He was then nineteen years of age. The next day he

filed a claim for compensation with the Department of Labor. On July 28, 1927, he filed an election to sue a third party. Under section 49 of the Civil Practice Act the Statute of Limitations required the bringing of the action before April 13, 1930. The day before, or on April 12, 1930, plaintiff's attorney in the third party action, notified the Bureau of Workmen's Compensation that the third party action had been discontinued and that an order would be entered to that effect.

On May 10, 1930, the attorneys for the parties to the third party action signed a stipulation discontinuing that action. On May 15, 1930, claimant, the plaintiff in the third party action, executed an affidavit consenting to such discontinuance, but a court order based on the stipulation and affidavit was not signed by a justice of the Supreme Court in which the action was pending until October 15th. Before the stipulation of discontinuance was signed, plaintiff had become of age.

Before September 29, 1930, the date when a hearing was held by the referee, by the stipulation and consent, the third party action had been discontinued as between the parties. The formality of having an order signed and entered had not been complied with, but that was not necessary to give effect to the stipulation as between the parties. On the date of the hearing the time within which a third party action could be commenced had expired. At the hearing it was stated that the third party action had been discontinued, which was true as between the parties, although an order had not been signed and entered. The counsel for the carrier then stated that the carrier was contesting the claim on the ground that " the accident did not arise out of or in the course of employment." The hearing then proceeded. Claimant was sworn as a witness and was cross-examined by the attorney for the carrier, who required the claimant to submit to a medical examination. The referee made an award, and thereafter the carrier sent the claimant a

check for the same. Later it was discovered that the order for the discontinuance of the third party action had not been entered and the carrier stopped payment on the check.

It then moved to dismiss the proceeding on the ground that it had been prejudiced by the dismissal of the third party action without its consent as the time to commence a new action had expired and it had lost its right to subrogation. (Workmen's Comp. Law [Cons. Laws, ch. 67], § 29, as amd. by Laws of 1924, ch. 499; *Matter of McKee* v. *White*, 218 App. Div. 300; affd., 244 N. Y. 610.) Its motion was denied and the award affirmed. The Appellate Division reversed the award against the carrier upon the ground that it had been prejudiced by the conduct of the claimant.

The carrier's attorney, with knowledge that the third party action had been discontinued as between the parties, and that the time to commence a new action had expired, elected to defend upon the express ground that the accident did not happen in the course of claimant's employment. He participated in the hearing and cross-examined the claimant and caused him to submit to a physical examination by a doctor. Thereafter, the carrier sent a check to the claimant for the amount of the award, but stopped payment on the check when it ascertained that an order of discontinuance had not been entered. It also sent notice to the Compensation Bureau that the claim had been paid.

It seems that there was a clear question of fact as to whether the carrier, with full knowledge of the defense on which it now seeks to rely, elected to proceed with the hearing upon an entirely different defense and whether, with knowledge of that known defense, it elected to waive it and put the claimant to the trouble and expense of going on with the hearing and undergoing a physical examination by a physician. The carrier could not with knowledge of one defense resist the claim upon another ground and upon failing to succeed upon that ground,

avail itself of the defense which it knew about but failed to urge upon the hearing.

Under that condition of the record, the Board had before it evidence upon which it could legally determine the claim in favor of the claimant and its determination was binding upon the Appellate Division and this court.

A defendant, as a general rule, who has knowledge of a defense which he fails to plead cannot avail himself of it upon the trial. (*Taylor* v. *Spader*, 48 N. Y. 664.)

One who, with knowledge of the facts, has a full defense may waive that defense by causing the other party to incur trouble and expense. (*Roby* v. *American Central Ins. Co.*, 120 N. Y. 510.)

It is urged that the attorney for the carrier at the time he furnished the evidence of waiver, did not know that the third party action had not been discontinued. He knew that a stipulation of discontinuance had been entered into and he knew that the Statute of Limitations had run. The fact that the formal order had not been signed and entered is immaterial. The stipulation of discontinuance was good between the parties and could be enforced as a contract. (*Cole* v. *Stearns*, 23 App. Div. 446; affd., 162 N. Y. 637.)

The time to commence a new action had expired. The carrier's right to subrogation was lost. (*O'Brien* v. *Lodi*, 246 N. Y. 46.) (Cf. *Matter of Breital* v. *Hinderstein*, 236 App. Div. 203.)

The attorney for the carrier knew that and with knowledge took his position. The fact that the order had not been signed and entered did not alter the situation or prejudice the carrier. The fact that the time within which to commence a new action had expired was the fact which prejudiced the carrier. The attorney for the carrier must have believed from the statement made that the right to subrogation had been lost. It was with that knowledge that he proceeded with the hearing.

*Matter of McKee* v. *White* (*supra*) is not applicable. No question of waiver or election was involved.

The Board passed upon a question of fact and its decision is binding upon us.

The order of the Appellate Division as to the carrier should be reversed, and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Ordered accordingly.