## METROPOLITAN CASUALTY INS. CO. v. HOAGE, Deputy Com'r United States Employees' Compensation Commission.

### No. 6713.

United States Court of Appeals for the District of Columbia.

Argued Jan. 13, 1937.

Decided Feb. 8, 1937.

S. M. Boyd and Henry I. Quinn, both of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., Z. Lewis Dalby, Chief Counsel, U. S. Employees' Compensation Commission, and W. E. Boote, Asst. Chief Counsel, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

## GRONER, J.

Charles Parker is the dependent father of William Parker, a deceased employee of a local corporation, who died December 13, 1929, of injuries received in the course of his employment. The father, whom we shall call claimant, was about 75 years of age at the time of his son's death. Death resulted from the negligence of third parties whom claimant elected to sue, and notice to this effect, to which the employer assented, was mailed to the Compensation Commissioner. The notice reserved the right to claim compensation for any deficiency between the amount recovered from the third parties and the amount provided to be paid under the Compensation Act.[1] Ten days later a $2,000 settlement was consummated and the money paid to the administrator of deceased. Out of this amount the attorney of the administrator received $666; sundry costs aggregating about $75 were paid; $133 was paid to the undertakers;

$150 for some purpose which does not appear; and $968.13 was deposited in bank to the credit of the claimant, controlled in such way that claimant could only withdraw it to meet his absolute needs. The claimant, as we have remarked, was 75 years of age. He was also an illiterate, and, as it amply appears was wholly unable to look after his own interests.

Nothing more happened until February, 1931, at which time the Deputy Commissioner, having been notified by the insurance carrier of the settlement of the damage suit and mistakenly believing that no deficiency claim had been made against the employer, made a determination that no person was entitled to compensation, and on this basis directed the employer and the insurance carrier to pay to the Treasurer of the United States the sum of $1,000 in accordance with section 44 of the act (33 U.S. C.A. § 944). In March following the employer and insurance carrier filed a bill in the court below to set aside the Commissioner's order requiring the payment into the special fund created by the act. In the bill they charged that the Commissioner's finding of fact that no claim for compensation had been filed was without foundation; that such a claim had been made in the notice of election to sue; that the dependency of claimant had been duly asserted and never disputed; and that no notice had ever been given by employer or insurance carrier that the dependency was questioned. The bill also alleged as a fact that the father (claimant) was dependent upon the deceased employee at the time of his death and was entitled to compensation under the District of Columbia Compensation Act. The District Court permanently enjoined the Commissioner from enforcing the order to pay the thousand dollars into the Treasury, on the ground that there was a valid, subsisting, outstanding claim to compensation. The case was remanded to the Commissioner for further proceedings on the claim. The Commissioner thereupon gave notice of a hearing to all parties in interest, at which the carrier and employer were represented by counsel, and in April, 1934, awarded the claimant compensation in a lump sum from December 13, 1929, the date of death, to and including April 19, 1934, a period of 227 weeks at $7.21 per week, and

---

[1] Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, title 33 U.S.C.A. § 901 et seq.; made applicable to the District of Columbia, Act of May 17, 1928, c. 612, 45 Stat. 600, D.C.Code, title 19, c. 2, §§ 11, 12, 33 U.S.C.A. § 901 note.

further directed that compensation be paid the claimant at the rate of $7.21 per week, payable each two weeks, until the total amount of $5,500 had been paid. (The last-named sum, plus the $2,000 recovered in the damage suit, equals the total sum allowable under the act.)

This suit was then begun to restrain the Commissioner from putting the award into effect. An injunction was refused by the District Court, and the award of the Commissioner confirmed. The appeal here is based upon the charge that claimant's right to compensation was lost under section 33 (g) of the act (33 U.S.C.A. § 933(g) because the compromise of the damage suit was effected without the written approval of the employer. Section 33(g) provides that compensation in excess of the amount recovered in an action against a third party wrongdoer shall be allowed against the employer only if such compromise is made with his written approval. But we think this defense is not available in the circumstances as they appear in this case.

In the finding of facts the Commissioner determined that the employer and insurance carrier had knowledge of the commencement of the damage suit and that the subsequent settlement and compromise was with their knowledge and approval. He referred to a written communication received by him in justification of this finding and held that this was sufficient under the provisions of 33(g). The District Judge held that there was substantial evidence to support the finding of the Commissioner. He also held that the employer and carrier, in their suit to set aside the order requiring payment into the special fund, had assumed a position inconsistent with the position assumed by them in the present proceedings, and that it would be inequitable to permit them to change their position to the prejudice of the claimant who had acquiesced in their position. He therefore denied the right of the insurance carrier—on the ground of estoppel—to take the position now asserted in this bill of complaint.

■ We are in accord with both conclusions. The record clearly shows that the agent of the insurance carrier was a privy to all the proceedings leading up to the bringing of the damage suit and its settlement, and there is at least an inference running through the whole case that the carrier in this case was also the carrier of one, at least, of the defendants in the damage suit. In any case, it abundantly appears that the carrier's agent was a moving party in the settlement.

The net sum of money recovered in the damage suit, divided into small weekly payments, was then doubtless believed by the carrier and the employer to be sufficient to last out claimant's life. And in this view, it is not unlikely the matter would have rested there, but for the order of the Commissioner requiring the insurance carrier to pay a thousand dollars into the government fund. To avoid this order, carrier and the employer filed their bill alleging the order was invalid because there was a claimant who had duly made his claim and reserved his rights and who was entitled—by their own admission—to compensation in accordance with the terms of the act. On this ground they were successful in avoiding contribution to the fund. To permit them now to take an entirely contrary position would be inequitable. Davis v. Wakelee, 156 U.S. 680–689, 15 S.Ct. 555, 39 L.Ed. 578; Axelrod v. Osage O. & R. Co. (C.C. A.) 29 F.(2d) 712, 729.

■ In addition to this, their nonliability for failure to assent to the compromise, is raised for the first time in this proceeding. At the hearing before the Commissioner they were represented by counsel. It is likely that if the point now raised had been urged at the hearing, abundant evidence would have been forthcoming showing that the compromise of the damage suit was made with the approval and at the instance of the carrier. This in itself is sufficient to justify us in invoking the rule that a question of this character cannot be raised for the first time in court. Without more, therefore, we pass from this branch of the case to the second point, which is the one principally urged.

■ The Commissioner credited the gross recovery in the damage suit against the gross liability of the employer and carrier, that is to say, he reduced the total liability from $7,500 to $5,500, but provided for current compensation to the claimant until the employer liability should be exhausted. Appellant insists that the Commissioner should have credited the amount of the compromise settlement against presently accruing, and payable accrued compensation, to the dependent father and should not have credited it at the end of the period of the total allowable compensation. The point is not without interest, but was made and decided adversely to appellant's position in the Circuit Court of Appeals, First Circuit, in

the case of Jarka Corporation v. Monahan, 62 F.(2d) 588, 590. There, as here, the appellants contended that the amount recovered of a third person should be treated as compensation under the Act, and first applied in installments until used up and then the payments under the Commissioner's award should begin. The court said:

"But we find no basis in the act for such a construction. While section 14(b), (33 U.S.C.A. § 914(b), provides that compensation paid by the employer shall be in semimonthly installments, unless otherwise determined by the Commission, the situation presented when a third person is responsible for the injury is not the same as when an employer pays under the act. The injured workman, or, in case of his death, his representative, if the option under section 33 (a), (33 U.S.C.A. § 933 (a) is exercised, brings the action against the third person in his own right, as though no Compensation Act existed, and is entitled to receive whatever he or his representative may recover unconditioned by the act.

"But, when the amount recovered is less than the sum the workman, or, in case of death, his dependents, would be entitled to receive under the act, the employer must make up the difference. The act may be defective in not expressly providing how this difference should be paid, whether in installments or in a lump sum; but section 33 (f) provides that it shall be paid as 'compensation under this chapter,' and section 14 (b) provides how 'compensation under this chapter' shall be paid.

"Reasons may be assigned why Congress, in case of recovery of a third person, should have made the installments of any additional sum which the employer is compelled to pay under section 33 (f) begin at a different date than when the employer is required under section 14 (b) to pay the entire sum; but Congress has failed to do so, and we see no good reason for holding that the District Court erred in affirming the award of the deputy commissioner directing the due date of the installments to be computed from the date of death in accordance with section 14 (b)."

We think this reasoning sound, and we adopt it as expressing our own views on the question. Section 14 of the act (33 U.S.C.A. § 914) directs how compensation shall be determined and makes the first installment begin on the fourteenth day after the employer has knowledge of the injury or death, and by (j), 33 U.S.C.A. § 914(j) authorizes the Commissioner in his discretion to require payment in a lump sum. Under the facts in this case the employer was entitled to be credited with the amount of the recovery in reduction of the amount required to be paid, but as was said in the Jarka Case, Congress failed to provide that this credit shall, until it is exhausted, supplant temporary payments by the carrier in accordance with the provisions of the act.

We therefore affirm the judgment of the District Court.

Affirmed.