**MONTAGNA v. NORTON, Deputy Commissioner of United States Employees' Compensation Commission.**

No. 5993.

District Court, D. New Jersey.
Aug. 18, 1939.

Edward I. Baker, of Atlantic City, N. J., for petitioner.

Edward W. Furia, of Philadelphia, Pa., for intervener respondent Alexander Benedetti.

John J. Quinn, U. S. Atty., of Trenton, N. J., and W. Orvyl Schalick, Asst. U. S.

998

Atty., of Camden, N. J., for respondent deputy commissioner.

AVIS, District Judge.

Under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq., the deputy commissioner, named in title, on September 29, 1938, made an award against petitioner and in favor of respondent Alexander Benedetti, as the result of injuries sustained by Benedetti while in the employ of the petitioner.

The controversy brought to this court by petitioner is based upon the finding of the deputy commissioner as a fact that the injuries sustained by Benedetti were incurred "while performing service for the employer upon the navigable waters of the United States, * * * while he was employed as a fisherman and utility man in connection with the vessel Nunziata, then afloat on the waters of the Atlantic Ocean, about two and a half miles off shore from Ocean City, New Jersey; that claimant went from said vessel in a small boat to tighten and fasten certain nets constituting a pound, and, while pulling upon a net, slipped and fell, striking his hip and back, causing serious and disabling injuries, the nature of which has not as yet been fully determined."

Petitioner's claim is that by reason of such finding of fact the deputy commissioner was without jurisdiction and had no power or authority to make the award, because Benedetti, the person to whom the award was made, does not come within the provisions of the act and relies upon subsection (3) of Title 33 U.S.C.A. § 902, which reads as follows: "The term 'employee' does not include a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net."

Petitioner prays also for interlocutory restraint on the ground that if the payment of the award is enforced by seizure and sale of his vessel it will result in irreparable damage to him.

The Court admitted Alexander Benedetti, the claimant before the deputy commissioner, as an intervening respondent, who has filed an answer setting up certain preliminary matters in bar of petitioner's claim. They are:

(1) That petitioner did not raise before the deputy commissioner the question of his jurisdiction or right to make an award, and is therefore precluded from presenting such matter to the Court.

(2) That petitioner has failed to properly institute proceedings in this court to suspend or set aside the compensation order within 30 days from the entry thereof, as provided in Section 21(b) of the act, 33 U.S.C.A. sec. 921(a) under which the petition was filed.

If either of these reasons is sufficient to bar the action here, the injunction should be refused and the petition dismissed.

The right to have a review in the Federal district court is given in subsection (b) of Section 921, 33 U.S.C.A. which provides that a compensation order, "If not in accordance with law," may be suspended or set aside, in whole or in part, through injunction proceedings. The instant proceedings were instituted under that section.

Counsel for intervener has in his brief cited a number of cases, to wit: Southern Shipping Co. v. Lawson, Deputy Compensation Com'r, D.C., 5 F.Supp. 321; Liberty Stevedoring Co., Inc., v. Cardillo, Deputy Com'r, D.C., 18 F.Supp. 729; Metropolitan Casualty Ins. Co. v. Hoage, Deputy Com'r, 67 App.D.C. 54, 89 F.2d 798, and some cases in the State courts, claiming the doctrine of these cases upholds his contention that the district court has no power or authority to consider or pass upon any question submitted in the proceeding, unless it had been raised before the deputy commissioner. I have not been able to examine the cases in the State courts, but the Federal cases above cited do not pass upon any jurisdictional question and are not therefore in point.

The law seems to be quite clearly determined by the Supreme Court in the case of Crowell, Deputy Commissioner v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. On pages 62–64 of 285 U.S., on page 296 of 52 S.Ct., 76 L.Ed. 598, the court said:

"When the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided. We are of the opinion that such a construction is permissible and should be adopted in the instant case. The Congress has not ex-

pressly provided that the determinations by the deputy commissioner of the fundamental or jurisdictional facts as to the locality of the injury and the existence of the relation of master and servant shall be final. The finality of such determinations of the deputy commissioner is predicated primarily upon the provision (section 19(a), 33 U.S.C.A. § 919(a) that he 'shall have full power and authority to hear and determine all questions in respect of such claim.' But 'such claim' is the claim for compensation under the act and by its explicit provisions is that of an 'employee,' as defined in the act, against his 'employer.' The fact of employment is an essential condition precedent to the right to make the claim. The other provision upon which the argument rests is that which authorizes the federal court to set aside a compensation order if it is 'not in accordance with law.' Section 21(b), 33 U.S.C.A. § 921(b). In the absence of any provision as to the finality of the determination by the deputy commissioner of the jurisdictional fact of employment, the statute is open to the construction that the court in determining whether a compensation order is in accordance with law may determine the fact of employment which underlies the operation of the statute. And, to remove the question as to validity, we think that the statute should be so construed. Further, the act expressly requires that, if any of its provisions is found to be unconstitutional, 'or the applicability thereof to any person or circumstances' is held invalid, the validity of the remainder of the act and 'the applicability of such provision to other persons and circumstances' shall not be affected. Section 50 (33 U.S.C.A. § 950). We think that this requirement clearly evidences the intention of the Congress, not only that an express provision found to be unconstitutional should be disregarded without disturbing the remainder of the statute, but also that any implication from the terms of the act which would render them invalid should not be indulged. This provision also gives assurance that there is no violation of the purpose of the Congress in sustaining the determinations of fact of the deputy commissioner where he acts within his authority in passing upon compensation claims while denying finality to his conclusions as to the jurisdictional facts upon which the valid application of the statute depends.

"Assuming that the federal court may determine for itself the existence of these fundamental or jurisdictional facts, we come to the question, Upon what record is the determination to be made? There is no provision of the statute which seeks to confine the court in such a case to the record before the deputy commissioner or to the evidence which he has taken. The remedy which the statute makes available is not by an appeal or by a writ of certiorari for a review of his determination upon the record before him. The remedy is 'through injunction proceedings mandatory or otherwise.' Section 21(b). The question in the instant case is not whether the deputy commissioner has acted improperly or arbitrarily as shown by the record of his proceedings in the course of administration in cases contemplated by the statute, but whether he has acted in a case to which the statute is inapplicable. By providing for injunction proceedings, the Congress evidently contemplated a suit as in equity, and in such a suit the complainant would have full opportunity to plead and prove either that the injury did not occur upon the navigable waters of the United States or that the relation of master and servant did not exist, and hence that the case lay outside the purview of the statute. As the question is one of the constitutional authority of the deputy commissioner as an administrative agency, the court is under no obligation to give weight to his proceedings pending the determination of that question. If the court finds that the facts existed which gave the deputy commissioner jurisdiction to pass upon the claim for compensation, the injunction will be denied in so far as these fundamental questions are concerned; if, on the contrary, the court is satisfied that the deputy commissioner had no jurisdiction of the proceedings before him, that determination will deprive them of their effectiveness for any purpose. We think that the essential independence of the exercise of the judicial power of the United States, in the enforcement of constitutional rights requires that the federal court should determine such an issue upon its own record and the facts elicited before it."

■ While that case does not consider the question of whether the employee is or is not "A master or member of a crew of any vessel," to whom no compensation is allowable under the law (33 U.S.C.A. §

903(a)(1), I am of the opinion that the determination of that fact is as much a jurisdictional question as is the matter of employer and employee. Consequently, under the petition filed, the Court must determine that issue upon its own record and the facts elicited before it, regardless of whether the question was raised before the deputy commissioner.

The first defense interposed in intervener's answer is therefore not available to deny relief to the petitioner in this court.

The second defense relates to the claim that the suit in this court was not instituted within 30 days of the entry of the compensation order by the deputy commissioner.

Section 921, Title 33 U.S.C.A., provides that the order of the deputy commissioner shall become final at the expiration of the thirtieth day after its entry, and, further, that within that time such order may be suspended or set aside, through injunction proceedings brought by any party in interest against the deputy commissioner instituted in the Federal district court in the district in which the injury occurred, and, further, that the orders, writs, &c., of the court may run, be served, and be returnable anywhere in the United States.

It appears that the petition was filed with the Clerk of this court on October 27, 1938. The compensation order was made by the deputy commissioner on September 29, 1938. The petition was undoubtedly filed within the period allowed by the statute. However, the attorney for petitioner, apparently misunderstanding the procedure proper to be followed, caused the summons to be issued on October 29, 1938, within the time, against the deputy commissioner. The deputy marshal making the service and return certified that the summons was served on the deputy commissioner on November 4, 1938, by delivery thereof in the usual manner to Thomas V. Arrowsmith, Assistant U. S. Attorney, at Trenton in the district of New Jersey.

Subsequently, on January 26, 1939, a subpoena ad respond. was issued by the Clerk of this court, commanding the said deputy commissioner to appear in the manner and form required by law to answer a bill of complaint exhibited against him by the petitioner in this cause. This subpoena was served on the deputy commissioner at Philadelphia, Pa., on February 3, 1939, by Deputy Marshal S. Bucha, of the Eastern District of Pennsylvania.

The procedure lastly adopted was apparently in accordance with the Equity Rules promulgated by the Supreme Court, due to the fact that Rule 81, subdivision (a) (6), of the new Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides that said rules shall not apply to proceedings for review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act, § 21.

It appears proper to apply equity rules and general equity procedure to the instant action. See Bergmann v. Joe Morris Music Co., D.C., 27 F.Supp. 985.

The statute involved speaks of proceedings instituted in the Federal district court for the suspension or setting aside of the order. Whether a strict rule applies as in the commencement of an ordinary suit in equity, may be a debatable question. However, under the decisions of Federal courts it is quite clear that the filing of the complaint or petition, with the bona fide intention to prosecute the suit diligently and if it is so prosecuted without unreasonable delay, constitutes the commencement of a suit or proceeding.

In a similar proceeding in the case of Watts v. Augustus P. Norton, Deputy Commissioner, et al.,[1] I determined that the filing of the bill was the institution of the proceedings in accordance with the provisions of the act. The memorandum in that case is not reported, but was filed on April 6, 1934, with the clerk of this court.

It is true that in some States, and I believe in New Jersey, it is held that process must be issued before a suit can be considered as having been commenced. Equity practice in the Federal courts is not controlled by State rules or decisions, but by the rules promulgated by the United States Supreme Court, and the general principles in equity adopted by the Federal courts.

The Supreme Court in the case of Farmers' Loan & Trust Company v. Lake Street Elevated Railroad. Co., 177 U.S. 51, 60, 20 S.Ct. 564, 567, 44 L.Ed. 667, said:

"The contention that the jurisdiction of the state court first attached because, al-

---

[1] No opinion for publication.

though the suit therein was not commenced till after the commencement of the suit in the Federal court, the summons issued by the state court was served before the service of the writ of subpœna issued by the Federal court, is not well founded.

"A suit in equity is commenced by filing a bill of complaint. Story, Eq.Pl. 4th ed. § 7."

See, also, Humane Bit Co. v. Barnet, C.C., 117 F. 316; Brown v. Pacific Mut. Life Ins. Co., 4 Cir., 62 F.2d 711.

In the case of United States v. Hardy, 4 Cir., 74 F.2d 841, on page 842, this doctrine is upheld with citation of cases, and I believe is now a fixed principle of the Federal courts.

█ It is true that the subpoena which was served upon the deputy commissioner was not issued until January 26, 1939, but, taking into consideration the apparent confusion of both the attorney and the Clerk with relation to the applicability of the new rules, it seems that reasonable diligence was exercised to bring the deputy commissioner into court. The deputy commissioner was aware of the fact that the petition had been filed early in the fall of 1938. Unquestionably counsel's intention was to prosecute promptly. The objections based upon the right of this Court to hear the case are disposed of by the aforesaid conclusions.

The next matter involves the question of fact as to whether the employee was a member of the crew. This is one of the points advanced by petitioner under which he claims the award of the deputy commissioner should be stayed permanently and temporarily by interlocutory injunction. It is based upon the fact that the deputy commissioner found that Benedetti "was employed as a fisherman and utility man in connection with the vessel".

█ If Benedetti was a member of the crew of the vessel, he is not entitled to be compensated under the Federal law. Counsel for petitioner contends that the finding of fact that Benedetti was a fisherman in itself bars his recovery as a matter of law. Unless this contention is sustainable, no injunction can issue against the enforcement of the award on this point. I have read the testimony taken before the deputy commissioner, and I do not find therein any suggestion that Benedetti in any way took part in the operation of the vessel. Apparently he received wages by the month for riding out to sea on the vessel and assisting in tending the nets for the purpose of transferring fish from the nets to the vessel, riding back to the wharf on, and unloading fish from, the vessel, after which he helped to prepare the fish for sale and marketing. He did not live on the vessel, and went his way after the above described services were rendered. I am satisfied that he was not a member of the crew.

The case of The Carrier Dove, 1 Cir., 97 F. 111, cited by counsel for petitioner, appears to hold abstractly that a fisherman is a seaman, but the facts in that case are not very clearly disclosed. I assume that case was with relation to a deep sea fishing boat, and that fishermen acted as deck hands and sailors as well.

The case of Maryland Casualty Co. v. Lawson, Deputy Commissioner, 5 Cir., 94 F.2d 190, holds that a deck hand on a scow, not an actual seaman or experienced sailor, who worked on boat during daily shifts of eight hours handling lines and doing what was necessary to her navigation, who took orders from the master of a dredge, and who was permanently attached to the dredge and her attendant scow as a member of the ship's company, was a member of the crew, and that his death from drowning could not be compensated for under the Federal act.

That case does not seem to be in accord with the weight of authority, although the special circumstances above stated may justify the decision. It is not cited in later cases.

In the case of Seneca Washed Gravel Corporation v. McManigal, 2 Cir., 65 F.2d 779, it was held as set out in syllabus 2: "Word 'crew' in Longshoremen's and Harbor Workers' Compensation Act, prohibiting payment of compensation for death of member of vessel's crew, connotes company of seamen belonging to vessel. (Longshoremen's and Harbor Workers' Compensation Act, § 3, 33 U.S.C.A. § 903)."

In De Wald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810, it was determined that a bargeman, whose duties were to check and supervise loading and unloading of cargo and keeping record, and who went home every night, with some other incidents of employment, was not a master or member of a crew. Petition for cer-

1002

tiorari denied, Baltimore & O. R. Co. v. De Wald, 293 U.S. 581, 55 S.Ct. 94, 79 L. Ed. 678.

In the case of Diomede v. Lowe, Deputy Com'r, 2 Cir., 87 F.2d 296, it was held that a sole employee in charge of dump scow which had no means of self-propulsion, whose duties were to supervise loading and unloading thereof, and who was subject to the order of the captain of tug which towed the scow, was neither master nor member of crew and was entitled to compensation under the Federal act. Petition for certiorari denied, Moran Bros. Contracting Co. v. Diomede, 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340.

See, also, Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245, wherein the general rule is stated in syllabus 1 as follows: "A provision in the Longshoremen's and Harbor Workers' Compensation Act excepting from its operation a master or member of a crew of any vessel, excepts only those employees ordinarily and generally considered as seafaring men, leaving that fact to be determined by the circumstances of each case."

See, to the same effect, Harper v. Parker, Deputy Commissioner, D.C., 9 F. Supp. 744.

These cases sustain the conclusion that Benedetti was not a member of the crew of the fishing ship.

This conclusion, as I understand the statute and the rules governing general equity principles in injunction matters, makes it unnecessary to consider the question of irreparable damage.

■ The petition for temporary restraint is necessarily based upon the theory that the decision of the deputy commissioner is not in accordance with law. For the purpose of issuing an interlocutory injunction the Court must therefore find that there is a probability that the petitioner will succeed on final hearing, and further that the enforcement of the award pending final hearing will entail irreparable damage. The court finds, under the facts submitted, that there is no probability that petitioner's claim will be sustained, and it is not required that the Court shall consider the points raised as to irreparable damage. See Luckenbach S. S. Co. v. Norton et al., D.C., 21 F.Supp. 707.

An order will be made denying the prayer for an interlocutory injunction.