In the Matter of the Claim of CARLO PRATI, Appellant, against
JABEZ BURNS & SONS, INC., Employer, and THE ÆTNA LIFE
INSURANCE COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 19, 1941.

*I. Arnold Himber* [*Julius S. Smith* and *Herbert D. Cohen* of
counsel], for the claimant, appellant.

*Frank L. Ward,* for the respondents.

*John J. Bennett, Jr., Attorney-General.*

HILL, P. J.  An award for the loss of claimant's right eye has
been denied and his claim disallowed and dismissed " on the
ground claimant, by delaying his discontinuance of the third
party action until one month prior to the expiration of the Statute
of Limitations, has prejudiced and deprived the employer and
carrier of their rights to subrogation." Claimant appeals. It
is not questioned that under section 29 of the Workmen's Com-
pensation Law the carrier is not subrogated until an award has been
made.

It is conceded that claimant sustained his injury through an accident arising out of and in the course of his employment and would be entitled to the quite substantial award, except for the reason stated in the decision from which I quote. He received his injury on October 20, 1936. The three-year period within which he was required to bring his action or within which an action for damages by his subrogee might be brought, expired on October 20, 1939. On September 21, 1939, claimant's attorney wrote the Department of Labor a letter which contained these statements: " I have been contemplating a third party action against The Carborundum Co. Inc. I have decided not to bring such action for the reason set forth in the enclosed copy of letter this day sent to Edward W. Springsteen, Esq., attorney for the Ætna Insurance Company * * *. Will you please arrange for a hearing at the earliest possible time, so that Mr. Prati's rights under the Compensation Law may be determined." On the same day he wrote to Attorney Springsteen inclosing a copy of the letter to the Department of Labor, telling him that after a thorough investigation of the facts he did not believe that a third-party action against The Carborundum Co., Inc., would be successful, and " I regret to have to advise you that I have concluded against commencing a third party action. * * * The Statute of Limitations will bar a third party action on October 20, 1939, if the date of the accident has been given me correctly." From these letters both the Department of Labor and the carrier were advised, thirty days in advance, the date when the Statute of Limitations would bar an action.

Claimant received his injury while polishing or fitting iron castings upon an emery wheel manufactured by The Carborundum Co. Investigations were made both by the attorney for the carrier and the attorney for the claimant to learn if there was a flaw in the emery wheel which caused it to break and, if so, whether it was of such a character as to justify the hope of a recovery against the manufacturer. The attorney who represents the claimant on this appeal was first consulted by claimant about March 10, 1939. Earlier and at the time when the notice of intention to bring an action against the third party was filed, claimant was represented by other counsel. Shortly after his retainer, Mr. Himber consulted with Mr. Springsteen, attorney representing the carrier, who delivered the fragments of the wheel by which claimant had been injured to Himber, who caused them to be inspected and tested by various skilled investigators. When Himber received the fragments of the wheel Springsteen told him " that the engineering or inspection department of the insurance company had inspected the wheel and that it was their opinion

that there was no defect in the wheel. * * * He said that they were so convinced that it was futile that they didn't want to waste any money on it." Shortly after April eighteenth, when Dr. Fair, an expert, reported to Himber that he could find no evidence of a defect in the wheel, Springsteen, upon being told, said, " Well, you remember what I told you when I turned the wheel and the papers over to you, and what Dr. Fair found is unfortunately what I expected that he would find. It is what I expected all along and it is just too bad."

The decision should be reversed because it appears from the foregoing that there was no cause of action against the manufacturer of the emery wheel and that the employer and carrier were not prejudiced by the delay in giving notice that the action would not be brought. The decision incorrectly assumes that an action had been brought and was discontinued on September 21, 1939. The carrier has not been prejudiced. Its attorney counseled with claimant's attorney and it was jointly concluded that an action against a third party would be unsuccessful. This amounted to an agreement between the parties that the theory of a third-party action would be abandoned. The Department of Labor was dilatory, if there was the slightest question about subrogation, in waiting a month before holding a hearing after the September twenty-first letter with its concluding paragraph, " Will you please arrange for a hearing at the earliest possible time, so that Mr. Prati's rights under the Compensation Law may be determined." Proceedings in compensation cases are summary and non-technical. In this case, where liability is not questioned, an award could have been made within eight days after September twenty-first, even if full time notice was given.

The referee, commission or board is not bound by technical or formal rules of procedure except as provided by the act, and is required to make such investigation and inquiry and to conduct hearings in such manner as to ascertain the substantial rights of the parties. (Workmen's Compensation Law, § 118.) By a rule of the Commission only eight days' notice by mail is required for a hearing. (Workmen's Compensation Law, § 117; Rules of the Industrial Board, rule 8.) The carrier by its conduct has waived any delay and also was not prejudiced. (*Matter of Burmester* v. *DeLucia*, 263 N. Y. 315.)

The decision should be reversed on the law and facts, with costs to the claimant against the Industrial Board, and matter remitted.

CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Decision reversed on the law and facts, with costs to the claimant against the Industrial Board, and matter remitted.