Mrs. Thelma WEBER, Libellant,

v.

Joseph H. HENDERSON, Deputy Commissioner, et al., Respondents.

No. 2774.

United States District Court
E. D. Louisiana, New Orleans Division.

March 28, 1956.

Mandell & Wright, Arthur J. Mandell, Houston, Tex., John F. Connolly, New Orleans, La., Proctors for libellant.

Boswell, Loeb & Livaudais, Stanley E. Loeb, New Orleans, La., Proctors for respondent American Surety Company of New York.

Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., Proctor for U. S.

J. SKELLY WRIGHT, District Judge.

The proceeding before this court is predicated upon judicial review of administrative action taken by respondent as Deputy Commissioner of the Seventh Compensation District, United States Department of Labor, Bureau of Employees Compensation, dismissing libellant's compensation claim for herself and in behalf of her minor child, arising from the death of her husband, a longshoreman. The scope of this review is controlled by Section 21 of the Longshoremen's and Harbor Workers' Compensation Act [1] as interpreted by the Supreme Court in O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

Magnus T. Weber, claimant's husband, died on August 23, 1950, allegedly from

1. 33 U.S.C.A. § 901 et seq.

injuries suffered in the course of his employment as longshoreman by Charles Ferran & Co., Inc., at New Orleans, Louisiana. On October 23, 1950, pursuant to Section 33 of the Act, Mrs. Weber filed notice of election to sue a third party and instituted proceedings before respondent by the filing of a claim for any deficiency between the amount recovered in the third party action and the amount to which claimant and her child would be entitled under the Longshoremen's and Harbor Workers' Compensation Act. The third party suit, filed on February 28, 1952, was subsequently dismissed by the court after arguments and briefs. Thereafter, when libellant sought to press her claim for deficiency compensation, the Deputy Commissioner ruled that, under 33 U.S.C.A. § 933(f), the third party action was required to be filed within one year of the injury or death and that the failure so to do in this case barred the claim of Mrs. Weber and her child for compensation under the Longshoremen's and Harbor Workers' Compensation Act, arising from the death of her husband. The correctness of the Deputy Commissioner's interpretation of 33 U.S.C.A. § 933(f) is the sole issue before this court. Prejudice to the employer by reason of the delay in bringing the third party action was not urged before the Commissioner. Consequently, that issue is not before the court here.[2]

The text of 33 U.S.C.A. § 933(f) is shown in the note.[3] The Commissioner ruled that the part of 33 U.S.C.A. § 933(f) providing "and institutes proceedings within the period prescribed in section 913" refers to the institution of action against the third party, and since the third party action was not instituted within the year provided in 913(a), the widow and child are barred from recovering compensation under the Act. The respondents here adopt the interpretation of the Deputy Commissioner and suggest that the correctness of this interpretation is demonstrated by the fact that in the same section of the Act, 33 U.S.C.A. § 933(d),[4] the words "institute proceedings" are used to refer to an action for recovery of damages against a third party rather than to a claim for compensation.

A casual reading of 33 U.S.C.A. § 933 (f) would indicate the correctness of the Deputy Commissioner's interpretation. On closer analysis, however, doubts emerge.[5] In determining what the subsection, 33 U.S.C.A. § 933(f), means when it refers to "institutes proceedings," the purpose of the subsection must

---

2. Moore Dry Dock Co. v. Pillsbury, 9 Cir., 169 F.2d 988; Bethlehem Steel Co. v. Parker, 4 Cir., 163 F.2d 334; Maryland Casualty Co. v. Cardillo, 71 App.D.C. 160, 107 F.2d 959; Metropolitan Casualty Insurance Co. v. Hoage, 67 App.D.C. 54, 89 F.2d 798; Wilson & Co. v. Locke, 2 Cir., 50 F.2d 81; Northwestern Stevedoring Co. v. Marshall, 9 Cir., 41 F.2d 28; Grain Handling Co. v. McManigal, D.C., 23 F.Supp. 748; Liberty Stevedoring Co. v. Cardillo, D.C., 18 F.Supp. 729; Southern Shipping Co. v. Lawson, D.C., 5 F.Supp. 321; Burmester v. De Lucia, 263 N.Y. 315, 189 N.E. 231; State Treasurer v. West Side Trucking Co., 198 App.Div. 432, 191 N.Y.S. 346, affirmed 233 N.Y. 202, 135 N.E. 244.

3. 33 U.S.C.A. § 933(f) reads:
"If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the Secretary of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person."

4. 33 U.S.C.A. § 933(d) reads:
"Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

5. There is no helpful legislative history of 33 U.S.C.A. § 933(f).

first be considered. The obvious purpose of the subsection is to preserve the claimant's right to deficiency compensation where the recovery from a third party action, provided for under 33 U.S.C.A. § 933(a), is less than the amount to which the claimant would be entitled under the Act. In order to preserve that right to deficiency compensation, 33 U.S.C.A. § 933(f) provides that the claimant must do two things. She must (1) notify the Deputy Commissioner of her election to sue the third party and (2) institute proceedings within the period provided by Section 913. Subsec. 913 (a) [6] provides that to be entitled to compensation under the Act, the claimant must file a claim with the Deputy Commissioner within one year of the injury or death. Admittedly, claimant here filed her claim for deficiency compensation at the same time she filed her election to sue a third party, within two months of her husband's death. Consequently, it would seem that she has complied with the two requirements of 33 U.S.C.A. § 933(f) for preserving her right to deficiency compensation.

But respondents say that when 33 U.S.C.A. § 933(f) says "institutes proceedings within the period prescribed in section 913," it refers to third party proceedings, that the reference to Section 913 is merely for the purpose of providing a time limitation on the filing of the third party action, that it has no reference whatever to the substance of Section 913 which concerns, of course, not third party actions, but claims for compensation under the Act.

It is true that the subsection may be so read and that this interpretation is, to some extent, fortified by the use of the words "institute proceedings" in 33 U.S.C.A. § 933(d) to mean a third party action. But where the statute refers to "institute proceedings" in 33 U.S.C.A. § 933(d), it follows that language with "for the recovery of such damages", obviously from a third party action, whereas in 33 U.S.C.A. § 933(f), the "institutes proceedings" is followed by "within the period prescribed in section 913", which, of course, has to do with filing a claim for compensation under the Act. Moreover, the prosecution of claims for compensation before the Deputy Commissioner is referred to as "proceedings" at least six times in the Act.[7] Indeed, in Section 26[8] of the Act, it appears that the filing of a claim before the Deputy Commissioner is referred to as the institution of proceedings. All of which indicates that when the statute uses the words "proceedings" or "institute proceedings," it is not using terms of art limited in meaning to some special type of proceeding. It is using those words generically, and in their generally accepted definition.

To read 33 U.S.C.A. § 933(f) as respondents would have it read would eliminate from that subsection the time requirement for filing a claim for deficien-

---

6. Section 13(a), 33 U.S.C.A. § 913(a), reads:

"The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the com- pensation district in which such injury or such death occurred."

7. See 33 U.S.C.A. §§ 919(h), 923(b), 924, 925, 927(a, b).

8. Section 26, 33 U.S.C.A. § 926, reads:

"If the court having jurisdiction of proceedings in respect of any claim or compensation order determines that the proceedings in respect of such claim or order have been instituted or continued without reasonable ground, the costs of such proceedings shall be assessed against the party who has so instituted or continued such proceedings."

· See also 33 U.S.C.A. § 925.

cy compensation. If "institutes proceedings within the period prescribed in section 913" means third party proceedings, then there is no time limit whatever anywhere in the Act for filing a claim for deficiency compensation. Obviously the draftsmen of this statute, who provided in 33 U.S.C.A. § 913(a) for the filing of a claim within one year from the date of the injury or death, and, in 33 U.S.C.A. § 913(d),[9] for the filing of a claim within one year from the time a common law action against the employer is dismissed because the claim is covered by the Act, have not been remiss to the extent that no time limit is provided for the filing of a claim for deficiency compensation.

It must be owned that this court's interpretation of 33 U.S.C.A. § 933(f) is not free from doubt. But the Court of Appeals for the Fifth Circuit has already held that this same subsection of the Act is ambiguous in another particular and that that ambiguity had to be resolved in favor of the claimant, in keeping with the remedial and beneficent purposes of the Act.[10] So any doubt which may here exist must likewise be resolved in favor of the widow and child.[11]

Compensation order vacated and set aside.

9. 33 U.S.C.A. § 913(d) reads:
   "Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter the limitation of time prescribed in subdivision (a) shall begin to run only from the date of termination of such suit."

10. In Voris v. Gulf-Tide Stevedores, 5 Cir., 211 F.2d 549, 551, the court said:
   "The court below held that it was the total or gross and not the net amount of the recovery against a third party, the excess of which the employer was required to pay under 33 U.S.C.A. § 933(f), which provides, in part, for the payment of 'a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person.' The facts being undisputed, the question presented below and here is one of interpretation of an ambiguous statute, which should be liberally construed in favor of longshoremen and harbor workers."

11. In Markham v. Cabell, 326 U.S. 404, at page 409, 66 S.Ct. 193, at page 195, 90 L. Ed. 165, the court wrote:
   "The policy as well as the letter of the law is a guide to decision. Resort to the policy of a law may be had to ameliorate its seeming harshness or to qualify its apparent absolutes as Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226, illustrates. The process of interpretation also misses its high function if a strict reading of a law results in the emasculation or deletion of a provision which a less literal reading would preserve."