290 F.2d 381
 110 U.S.App.D.C. 190
 Theodore BRITTON, Deputy Commissioner, Bureau of Employees
Compensation U.S. Department of Labor, Appellant,
v.
GREAT AMERICAN INDEMNITY COMPANY, a corporation, and Jo-Del
Restaurant, Inc., a corporation, Appellees.
 No. 16120.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 14, 1961.
Decided May 4, 1961, Petition for Rehearing En Banc Denied
June 5, 1961.
 
 Mr. Herbert P. Miller, Asst. Sol., Department of Labor, with whom Messrs. Oliver Gasch, U.S. Atty., at the time of argument, and Carl W. Belcher, Asst. U.S. Atty., were on the brief, for appellant.
 Mr. Paul J. Sedgwick, Washington, D.C., for appellees.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 An employer and its insurance carrier brought this suit against the Deputy Commissioner to set aside a compensation order directing payment of benefits to the dependents of two musicians fatally wounded by two disgruntled customers, who returned to the employer's premises after having been ejected. The amended complaint challenged only three of the defendant's findings: (1) that the deceased persons were employees and not independent contractors, (2) that the mother of one of the deceased was a dependent, and (3) that the award is based upon a properly determined wage rate.
 
 
 2
 These findings were sustained by the District Court at the hearing on defendant's motion for summary judgment. However, the court, sua sponte, noted an additional finding which it set aside-- namely, that the homicides arose out of and in the course of employment. The defendant strenuously objected to this action on the ground that the issue was not urged either in the administrative proceeding or in the present complaint. In overruling this objection, the court stated orally that it would consider any issue upon which 'there is evidence in the record.' The court thereupon treated plaintiffs' memorandum in opposition to defendant's motion for summary judgment as a cross motion, and granted summary judgment in favor of plaintiffs. This appeal followed.
 
 
 3
 We agree with the District Court that the record supports the findings of the Deputy Commissioner challenged in the complaint. But we think that the court erred in considering the issue which it raised, sua sponte.
 
 
 4
 In the formal pleadings and pre-hearing procedures before the Deputy Commissioner, the employer and its carrier denied, inter alia, the allegation that the of employment. But at the hearing, in response to the Deputy Commissioner's effort to fix the issues for contest, counsel homicides arose out of and in the course specifically limited its denials to the allegations of employer-employee relationship, wages and dependency.[1] Thus the claimants were entitled to believe, as the Deputy Commissioner asserts they did, that the employer and its carrier had withdrawn their denial of the allegation now in question. The District Court read some of the evidence thereafter adduced at the hearing as disproving that allegation. It may not be assumed, however, that the claimants would have been unable to present countervailing evidence even if they had not been led to believe that the issues had been withdrawn. Maryland Casualty Co. v. Cardillo, 1939, 71 App.D.C. 160, 107 F.2d 959; Metropolitan Casualty Ins. Co. v. Hoage, 1937, 67 App.D.C. 54, 89 F.2d 798.
 
 
 5
 In concluding that the employer and its carrier withdrew their pre-hearing denial of the allegation that the homicides arose out of and in the course of employment, we are fortified by the failure of their complaint herein to challenge the action of the Deputy Commissioner in sustaining that allegation.
 
 
 6
 Reversed and remanded for further proceedings in accordance with this opinion.
 
 
 7
 BASTIAN, Circuit Judge (dissenting).
 
 
 8
 I would affirm the judgment of the District Court on the very able opinion of Judge Holtzoff.[1] I think I should add that, in my opinion, it is quite clear that the issue as to whether the homicides arose out of and in the course of employment was before the Deputy Commissioner and, as well, before the District Court.
 
 
 9
 In the answer of the employer to the employees' claim for compensation, the following appears:
 
 
 10
 '4. It is denied that at the time of the alleged injury the employee was performing service growing out of and incidental to his employment.'
 
 
 11
 In the Notice to the Deputy Commissioner that Claim Will be Controverted, the following appears:
 
 
 12
 'Claimant's death not as a result of accidental injury or disease arising out of or during the course of his employment for the above-named employer.'
 
 
 13
 In the Notice of Hearing, it appears that the hearing was set 'for consideration of: Injury arising out of and in the course of employment (and other defenses not here important).'
 
 
 14
 When the case came before him, the Deputy Commissioner asked appellees' counsel: 'What are the grounds of controversion?' Counsel replied:
 
 
 15
 'Basically, without specifying it, we are resisting the claim in every particular, except such particulars as we will later stipulate to, but generally, it is to contention of the respondents that there was no relationship of employer-employee at all insofar as the management of the Jo-Del Restaurant and the musicians were concerned and, of course, basically the dependency of the mother.'
 
 
 16
 Throughout the hearings before the Deputy Commissioner, testimony pro and con was received pertinent to the seriously disputed issue (among others) as to whether the homicides arose out of and in the course of employment; and that issue was in fact resolved by the finding of the Deputy Commissioner. I can not agree that it is 'abundantly clear that at the hearing before the Deputy Commissioner counsel did not contest the allegation that the homicides arose out of and in the course of the employment.'
 
 
 17
 In the amended complaint, which is commented on by the majority, appellees, after setting forth certain specific objections, alleged as follows:
 
 
 18
 '9. The Transcript of testimony, evidence and proceedings before said Deputy Commissioner, by this reference, are made a part hereof and are incorporated herein.
 
 
 19
 '10. That the Findings and Awards of said Deputy Commissioner are not in accordance with law, but are arbitrary, capricious and founded upon irresponsible statements not competent evidence, conjecture and speculation, and said Awards are without substantial evidence to support the same.'
 
 
 20
 One of the Deputy Commissioner's specific findings was 'that the injury arose out of and in the course of the employment.'
 
 
 21
 I think it unfortunate that in compensation cases such a strict view of the issues should be taken as appears in the majority opinion.
 
 
 22
 For the above reasons, I would affirm the judgment of the District Court.
 
 
 
 [1]
 With respect to the issues in controversy on one of the claims herein, counsel for the insured and its carrier stated to the Deputy Commissioner that
 'There was no relationship of employer-employee before or at the time of the occurrence. We controvert the claim for earnings; we controvert the dependency claim of the mother; and we are controverting until shown any evidence, any medical expenses.
 'Basically, without specifying it, we are resisting the claim in every particular except such particulars as we will later stipulate to, but generally, it is the contention of the respondents that there was no relationship of employer-employee at all insofar as the management of the Jo-Del Restaurant and the musicians were concerned and, of course, basically the dependency of the mother. * * *'
 With respect to the other claim, counsel subsequently stated:
 'The overall grounds of the controversy are that there was no employer-employee relationship. Specifically, we deny that relationship and we deny the claimed earnings. That is the extent of our denials in that case.'
 Read as a whole, it is abundantly clear that at the hearing before the Deputy Commissioner counsel did not contest the allegation that the homicides arose out of and in the course of employment.
 
 
 [1]
 1960, 186 F.Supp. 938