## OKLAHOMA COMPANY et al. v. STATE IND. COM. et al.

No. 21736.   Opinion Filed May 5, 1931.

Ames, Cochran, Ames & Monnett, for the petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for the respondents.

CULLISON, J.   This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission in favor of Monroe Saling, respondent herein.

The evidence discloses the following facts: Sa'ing was employed by the petitioner, the Oklahoma Company, firing a boiler used to pump water, said water being used in the drilling of oil wells; that while attempting to take steam from said boiler through a steam hose, respondent was struck in the testicles by said hose and nozzle and the injury in question received.   Later, as a result of said injury, the respondent was operated on and one testicle and a part of the other was removed.

The State Industrial Commission heard the cause, and on August 22, 1930, made an order in said cause, containing the following findings:

### "Finding No. 1.

"That claimant, Monroe Saling, sustained an accidental personal injury arising out of and in the course of his employment with respondent herein, on September 12, 1928; that respondent and insurance carrier paid to claimant compensation for 16 weeks beyond the five-day waiting period, being to January 6, 1929, inclusive.

### "Finding No. 2.

"That as a result of said aforementioned accidental injury claimant had his left testicle and a portion of his right testicle removed; that by reason of the said accidental injury claimant had been, and was at the time of said hearing, temporarily totally disabled from the performance of ordinary manual labor, with the exception of 14 days which claimant attempted to work at different intervals, and was forced to cease work by reason of said injury."

The Commission also awarded compensation in the amount of $18 per week for 32 weeks and one day, and until termination of disability or until further order.

Petitioners urge as error that said award, and each and every part thereof, is contrary to law.

The evidence before the Commission amply supports their finding of facts as above set out.   The only questions to be determined by this court are whether a person engaged in firing a boiler used in connection with oil well drilling is engaged in hazardous employment, and whether an accidental injury to the testicles of an employee is such as to come within the scope of the Workmen's Compensation Law and jurisdiction of the Commission.

Section 7283, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, provides as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit * * * mines, wells, gas works, gasoline plants, oil refineries and allied plants and works. * * *"

It should be noted that the Legislature provided that all allied plants and works of mines, wells, gas works, gasoline plants, and refineries come within the scope of the Workmen's Compensation Law.   The respondent was engaged in firing a boiler used in connection with the drilling of oil and gas wells.   The drilling of such wells is necessarily among the allied works of gasoline plants and oil refineries.   We consider it covered by the word "wells," as quoted above, and hold that employees engaged in drilling, or the work in connection with drilling oil and gas wells, are covered by section 7283, C. O. S. 1921, as amended.

The respondent chose the forum of the action.   He instituted his cause of action under the jurisdiction of the State Industrial Commission by filing form 3, "employee's first notice of injury and claim for compensation," with the Commission.   In a hearing before the Commission the record

discloses that the petitioner admitted liability for the accident. Thereafter, the Commission made an award to the respondent. Since the work engaged in by respondent was hazardous and was covered by the provisions of the Workmen's Compensation Law, the injury sustained by respondent while so employed would come within the jurisdiction of the State Industrial Commission, as held by this court in the case of Lubritorium, Inc., v. Adams, 144 Okla. 235, 291 Pac. 961.

The employment and injury were such as to come within the scope of our Workmen's Compensation Law, as amended, and within the jurisdiction of the Commission. The award of the State Industrial Commission is affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.