## PHILLIPS PETROLEUM CO. v. HARRISON et al.

No. 23455.  Opinion Filed June 6, 1933.

R. G. McKinney and E. L. Routh, for petitioner.

Chas. D. Reed, Robert D. Crowe, and J. Berry King, Atty. Gen., for respondent.

WELCH, J. This proceeding is to review an award of the State Industrial Commission.

The claimant herein sustained an accidental injury on October 19, 1922, while in the employ of petitioners, and within the terms and meaning of the Workmen's Compensation Law of this state. Claimant was paid compensation in 1923, in the total sum of $234. In 1931, claimant filed motion to reopen the case, alleging change of condition. Hearings were conducted upon his motion, resulting in an order and award of the Commission on February 16, 1932, wherein claimant was awarded additional compensation for 50 per cent. permanent partial disability to the hand. In its last-named award the Commission found that claimant had sustained a 50 per cent. permanent disability to his right hand and wrist, and awarded claimant 100 weeks' compensation thereafter. There was no determination by the Commission that claimant's earning capacity had decreased subsequent to the injury and as a result thereof.

Petitioner contends that the February 16, 1932, award of the Commission is contrary to law, in that it attempted to fix compensation upon a percentage basis of disability, when the injury was such as to bring the same within the "other cases" provision of section 7290, C. O. S. 1921 (section 13356. O. S. 1931). We note that the injury occurred prior to the 1923 amendment to section 7290, C. O. S. 1921, supra. Petitioner urges that prior to the 1923 amendment to the quoted section there was no provision made for an award for permanent partial loss of the use of a hand, and that any award made for such a disability must be based upon the "other cases" subdivision of the quoted section, and the award therefor must be calculated upon the basis of 50 per cent. of the difference between his average weekly

wage and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability. In support of such contention petitioners cite Staley-Patrick Drilling Company et al. v. Industrial Commission, 88 Okla. 260, 212 P. 1006; Huttig Lead & Zinc Company v. Brown et al., 90 Okla. 80, 215 P. 1056; Underwriters Land Company et al. v. Willis, 95 Okla. 182, 218 P. 692; Mount Cooper Boiler & Iron Works et al. v. Vandergriff et al., 155 Okla. 109, 7 P. (2d) 859.

We have examined the authorities cited, and conclude the contentions of petitioner are fully sustained, and that the award in question was made without authority of law.

Having reached the above conclusion, which necessitates the vacating of the award of which complaint is here made, we do not pass upon the other questions raised by petitioner.

The award of the State Industrial Commission in this case made February 16, 1932, is vacated.

RILEY, C. J., and ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.