## SOUTHWESTERN STATES TEL. CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 28000.    Jan. 18, 1938.

W. R. Withington, for petitioners.

Allen G. Nichols, A. C. Kidd, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission in favor of Clyde Christian against the Southwestern States Telephone Company. The award was entered on the 15th day of June, 1937, and corrected June 17, 1937.

The parties will be referred to as petitioner and respondent. Respondent was injured on the 3rd day of November, 1936, when his foot became entangled in vines and weeds while he was carrying a telephone pole on his right shoulder. The award was for $8 per week, not to exceed 300 weeks under the "other cases" provision of section 13356, O. S. 1931. Respondent was furnished medical attention and

paid total temporary disability. At the hearing it was stipulated that respondent had sustained an accidental injury arising out of and in the course of his employment, and that his employment was hazardous within the terms of the Workmen's Compensation Law, and the cause was submitted for determination of the permanent partial disability.

Dr. R. S. Love stated that respondent suffered a disability permanent in nature and partial; that his shoulder was injured and the joint thereof limited in ability to be moved; that there was noticeable deformity of the right scapula; that in his opinion said disability was due to the accidental injury of November 3, 1936. Respondent testified that he was injured as above described on November 3, 1936, and was released by the company doctor on December 9, 1936; that since his release he has not done manual labor, but has been working in a cafe at Stonewall, Okla., cooking, washing dishes, and serving food; that he has not done any heavy manual work; that he was unable to do any manual labor because he hurt his shoulder; that his employer at the cafe went out of business and he is now unable to obtain work; that he was paid $5 per week while he worked in the cafe; that he was supposed to get $7 per week; that he got his board or meals while working in the cafe.

It is first urged that the evidence clearly shows that there was no loss in earning capacity; that respondent earned $12 per week prior to the injury; that after the injury he made $5 per week and was supposed to get $7 per week and his board or meals while working in the restaurant; that his board is certainly worth $5 per week; therefore, he suffered no decrease in earning capacity.

Because of some confusion that has arisen over what is the true rule as to the determination of the decrease in wage-earning capacity, we are of the opinion that the petitioner is entitled to know whether or not the actual wages earned subsequent to the date of the accidental injury is the true criterion of wage-earning capacity of the injured employee.

We are not unmindful of the fact that some of the cases in discussing this question have at least assumed that the amount of wages earned subsequent to the accidental injury should be subtracted from the amount of wages earned prior to the date of the injury in order to determine the wage-earning capacity of the injured employee. In this connection we shall discuss the following authorities: Oklahoma Gas & Electric Co. v. Streit, 164 Okla. 110, 23 P. (2d) 214; Industrial Tract Const. Co. v. Colthrop, 162 Okla. 274, 19 P. (2d) 1084; Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Amerada Pet. Co. v. State Ind. Comm., 150 Okla. 16, 300 P. 761; Allen Water Co. v. Davis, 150 Okla. 13, 300 P. 793; Phillips Petroleum Co. v. Harrison, 164 Okla. 69, 22 P. (2d) 994, together with the statute, formerly section 7290, C. O. S. 1921, now section 13356, O. S. 1931. Subdivision 3, "other cases" provision of said section provides as follows:

"In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed three hundred weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

In Texas Company v. Roberts, supra, it is stated categorically that the percentage of disability is immaterial until it becomes total. In Van Orman v. Robinson, 150 Okla. 156, 300 P. 412, it is stated that the term "physical disability" is not necessarily synonymous with wage-earning capacity. In Oklahoma Gas & Electric Co. v. Streit, supra, the court said:

"This section recognizes that the most reasonable result from such an injury would be to lessen the injured employee's wage-earning capacity, and the lessened earning ability is set up as the basis upon which the award is to be based."

It might be added that there is no other basis. This is the basis set by the statute. The language used is not the difference in wages earned before the injury and wages earned after the injury, but the difference in the wages earned before the injury and the **wage-earning capacity** after the injury. In Amerada Petroleum Corp. v. State Industrial Commission, supra, we held that an award for permanent partial disability is for incapacity to work as a result of injury, which means compensation for a resulting loss of earning power. In Allen Water Co. v. Davis, supra, the court vacated the award because the commission was not permitted to compute the compensation **in the absence of a determination of the earning capacity of the respondent after the accident.** In Phillips Pet. Co. v. Harrison, supra, the court said:

"In the last-named award the commission

found that claimant had sustained a 50 per cent. permanent disability to his right hand and wrist, and awarded claimant one hundred weeks' compensation thereafter. There was no determination by the commission that claimant's earning capacity had decreased subsequent to the injury and as a result thereof."

We have found no case where the employee has sustained physical disability under the "other cases" provision of section 13356, supra, and the State Industrial Commission has found that as a result of such disability the employee sustained a loss of earning capacity, wherein the award has been vacated solely on the ground that the wages earned after the injury were as great as or greater than the wages earned before the injuries. The wages earned after the injury are not made the basis by the statute. The wage-earning capacity is the sole basis. We therefore hold that where the record contains competent evidence that the employee has sustained an accidental injury and that such accidental injury has resulted in a decrease in wage-earning capacity, the State Industrial Commission is authorized to enter an award so finding and it is not bound to accept the wages earned subsequent to the date of the accidental injury as the basis of the decrease in wage-earning capacity. The record ' in this case contains competent evidence of a disability resulting from the accidental injury of November 3, 1936. The commission found that the respondent sustained a decrease in wage-earning capacity. Upon this basis the award is sustained by competent evidence.

Permanent partial disability under the "other cases" provision entitles respondent to $8 per week unless his wages at the time of the injury were less than $8 per week. Hyde Construction Co. v. O'Kelley, 164 Okla. 149, 23 P. (2d) 155; Superior Smokeless Coal & Mining Co. v. Cattaneo, 180 Okla. 135, 68 P. (2d) 497. This disposes of the contention of the petitioner that the award is not computed correctly.

The contention that the State Industrial Commission erred in commuting the award by ordering payment to the attorneys in the case off the latter end of the award must be sustained and that part of the award is hereby vacated. Cornhuskers Theatres, Inc., et al. v. Foster et al. 181 Okla. 341. 74 P. (2d) 109. In this connection we note that the State Industrial Commission found that the respondent had sustained a physical disability and that he has now no wage-earning

capacity. In this respect we are convinced that the State Industrial Commission erred. If he sustained a total loss of wage-earning capacity he should be awarded total and permanent disability. Since the State Industrial Commission awarded only permanent partial disability, we are inclined to believe that this part of the finding was inadvertent. It can be seen that an injustice can easily be done to the respondent for the reason that should he ever become permanently and totally disabled he could not prove that he had suffered a decrease in wage-earning capacity for the reason that he must prove that he has suffered a decrease in wage-earning capacity after the date of the last award. Wilcox Oil & Gas Co. v. Satterfield, supra. We hold, therefore, that that part of the award finding that he sustained a disability resulting in no wage-earning capacity should be vacated and the commission ordered to find the decrease of wage-earning capacity which he now has. Magnolia Petroleum Co. v. Phillips, 169 Okla. 1, 35 P. (2d) 448.

The award is, therefore, affirmed except to direct the State Industrial Commission to strike therefrom the finding that the respondent has no wage-earning capacity and the attempted award to the attorneys off the latter end of said award.

Award affirmed in part and vacated in part.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.