## PIONEER DRILLING CO. et al. v. MORPHIS et al.

No. 28076.   Sept. 27, 1938.

T. A. Aggas, for petitioners.

Leo J. Williams and Ty R. Williams, for respondents.

HURST, J.  This is an original proceeding brought by petitioners, Pioneer Drilling Company and its insurance carrier, to obtain a review of an award made by the State Industrial Commission in favor of respondent Ted Morphis.

The respondent, while in the employ of petitioner Pioneer Drilling Company, and while engaged in a business defined as hazardous by the Workmen's Compensation Law, sustained an accidental personal injury.  Petitioners furnished necessary medical attention and paid compensation for the period of temporary total disability.  The award which we are now asked to review was made under the "other cases" provision of section 13356, O. S. 1931 (85 Okla. St. Ann. sec. 22).

The commission found, among other things, that respondent had sustained a permanent partial disability as the result of an accidental injury, and that thereby he had lost all wage-earning capacity.  Compensation was awarded at the rate of $18 per week for a period of not to exceed 300 weeks, and it was further ordered that 30 weeks off the latter end of the award be commuted to a lump sum payment for attorney fees to be paid respondent's attorney.

Petitioners contend that the finding of the commission that the respondent had suffered a total loss in wage-earning capacity as the result of his permanent partial disability is not supported by any competent evidence.  It is not necessary to now consider the evidence in this regard, for the reason that the commission erred as a matter of law in making such finding.  The commission has no authority to find a total loss of wage-earning capacity in an award for permanent partial disability under the "other cases" provision of section 13356, supra.  Southwestern States Telephone Co. v. State Industrial Commission (1938) 181 Okla. 533, 75 P.2d 468.

Petitioners further contend that the order commuting to a lump sum 30 weeks off the latter end of the award and directing payment of such sum to respondent's attorney is without authority of law.  We agree that in this regard the commission also erred.  Cornhuskers Theatres, Inc., v. Foster (1937) 181 Okla. 341, 74 P.2d 109.

The award is vacated, with directions to proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.  RILEY, J., absent.