## MYERS DRILLING CO. et al. v. JONES et al.

No. 28376.    Nov. 15, 1938.

Gibson & Savage, for petitioners.

Pryor & Sandlin and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Leroy Jones filed his first notice of injury and claim for compensation March 18, 1937, stating that on February 28, 1937, he sustained an accidental injury when he fractured his skull, cut his eye and ear, and was bruised all over while working as a roughneck when a drilling rig fell and collapsed. At the hearing on June 23, 1937, at Wewoka, the claimant had a condition of the nose related as "deviated septum," and the bridge of the nose was broken. He was 13 pounds underweight and unable to perform manual labor. The physicians further testified that he suffered a mental disability related to and connected with the accident which chiefly concerned itself with whether he would be able to work. Subsequent to this hearing the claimant was paid for total temporary disability and a receipt in full filed. On November 2, 1937, there was a further hearing to determine the nature and extent of the permanent disability. The only question involved herein is the extent of the permanent disability. An award was made for permanent partial disability, and the State Industrial Commission found that he was entitled to an award under the "other cases" provision of the statute and that he has no wage-earning capacity.

The parties will be referred to as petitioner and respondent.

We think there is competent evidence in the record sufficient to sustain an award under the "other cases" provision of the Workmen's Compensation Law. We have carefully reviewed the evidence and find that it reflects at least that there is a permanent condition as testified to by the physicians which is liable to result in a disability which will decrease the wage-earning capacity of the respondent.

The first proposition of the petitioner is that commission's finding of fact that the respondent has no wage-earning capacity is not reasonably supported by competent evidence. We are inclined to think that this is true. However, whether it is true or not shall not be decided at this time. The State Industrial Commission made a finding of fact that the respondent has no wage-earning capacity. If he has no wage-earning capacity and said condition is permanent, he is totally and permanently disabled and is entitled to an award for permanent total disability. Southwestern States Tel. Co. v. State Industrial Commission, 181 Okla. 533, 75 P.2d 468. Therein we said:

"We note that the State Industrial Commission found that the respondent had sustained a physical disability and that he has now no wage-earning capacity. In this respect we are convinced that the State Industrial Commission erred. If he sustained a total loss of wage-earning capacity, he should be awarded total and permanent dis-

 

ability. Since the State Industrial Commission awarded only permanent partial disability, we are inclined to believe that this part of the finding was inadvertent. It can be seen that an injustice can easily be done to the respondent for the reason that should he ever become permanently and totally disabled, he could not prove that he had suffered a decrease in wage-earning capacity for the reason that he must prove that he has suffered a decrease in wage-earning capacity after the date of the last award."

It appearing that the award cannot be affirmed upon the order made, the other matters will not be discussed. The award is vacated and the cause remanded to the State Industrial Commission to proceed in accordance with the views herein expressed.

OSBORN, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.