## ADA DRILLING CO. et al. v. BETHANY et al.

### No. 28336. Dec. 6, 1938.

Gibson & Savage, for petitioners.

Leo J. Williams, Ty R. Williams, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. William Marion Bethany filed his first notice of injury on March 10, 1937, stating that he sustained an accidental injury on February 24, 1937, when he was caught between the tongs and set up post on a rotary drilling rig. He gave notice of injury to his back and chest. On February 27, 1937, prior thereto the employer had filed

first notice of injury, and the cause of injury given was the same as by the claimant, and the extent of the injury was listed as bruise and contusion across both shoulders and between scapulas and ·bruises and contusion over the end of third, fourth, and fifth lumbar vertebrae and tenderness of the left fourth and fifth ribs in anterior ancillary line.

An award was made for permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, and the payments fixed at $18 per week for 300 weeks.

The parties will be referred to as petitioner and respondent. The petitioner presents two specifications of error.

The first is that the State Industrial Commission found that the respondent has no wage-earning capacity; that this finding is not sustained by competent evidence. The second proposition is that there is no competent evidence to sustain the finding that respondent suffered a decrease in wage-earning capacity entitling him to $18 per week. There is competent evidence in the record to support an award under the "other cases" provision of section 13356, supra. At this time we shall not pass upon whether the evidence is sufficient to warrant the payment of $18 per week. We are of the opinion, and hold, that the award must be vacated on the first proposition in fairness both to the petitioner and the respondent. In Southwestern States Telephone Co. v. State Industrial Commission, 181 Okla. 533, 75 P.2d 468, we said:

"An award for permanent partial disability under the 'other cases' provision should be based upon the decrease in wage-earning capacity, and the State Industrial Commission should not make a finding that the employee has sustained a total loss of earning capacity where an award is made for permanent partial disability under the 'other cases' provision of section 13356, O. S. 1931."

In the body of the opinion we said:

"If he sustained a total loss of wage-earning capacity, he should be awarded total and permanent disability. Since the State Industrial Commission awarded only permanent partial disability, we are inclined to believe that this part of the finding was inadvertent. It can be seen that an injustice can easily be done to the respondent for the reason that should he ever become permanently and totally disabled he could not prove that he had suffered a decrease in wage-earning capacity for the reason that he must prove that he has suffered a decrease in wage-earning capacity after the date of the last award." ·

See Pioneer Drilling Co. v. Morphis, 183 Okla. 424, 82 P.2d 1048.

The award is vacated and the cause remanded to the State Industrial Commission for further proceedings not inconsistent with this opinion.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and GIBSON and DAVISON, JJ., absent. DANNER, J., not participating.