McQUEEN & JOHNSON, Inc., et al.
v. MORGAN et al.

No. 30403.    Feb. 10, 1942.

*122 P. 2d 155.*

220

George F. Short, Welcome D. Pierson, Max G. Morgan, and John F. Reed, all of Oklahoma City, for petitioners.

Williams & Teague, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by McQueen & Johnson, Inc., and Associated Indemnity Corporation, petitioners, to review an award made to John Morgan, respondent.

On the 11th day of January, 1940, respondent filed his first notice of injury and claim for compensation, alleging that while employed on a drilling rig as a driller's helper he sustained an accidental injury on December 3, 1939, when he was attempting to lift a three- or four-hundred-pound Halliburton tester. The facts with relation to the nature of the injury received and the nature of the employment are nowhere contested or disputed by the employer or insurance carrier.

Thereafter the petitioners filed their acknowledgment of payment of $90 for temporary disability and the weekly rate of compensation was set at $18. The average daily wage of the respondent was set at $7.31.

The matter then came on for hearing on motion of the petitioners to discontinue compensation. This motion was filed February 1, 1940, and a hearing being called for on this application, the proceeding was set for hearing. Thereafter, on the 15th day of May, 1941, the State Industrial Commission entered the present award finding that respondent had sustained the accidental injury as alleged, and by reason thereof is temporarily partially disabled so that he has sustained a decrease in wage-earning capacity of $2.31 per day. In this order the petitioners were directed to pay the sum of $8.34 per week for not to exceed 300 weeks for said temporary partial disability, former payments for disability being recognized and allowed as a credit thereon.

The petitioners have brought this proceeding to review this order.

It is first urged that the record fails to disclose that the State Industrial Commission had jurisdiction to make an award for the reason that it is not disclosed that the employment of the respondent was one of the lines or industries covered by the definition of hazardous employment defined in sections 13349 and 13350, O. S. 1931, 85 Okla. St. Ann. §§ 2 and 3. This argument cannot be sustained. As pointed out above, nowhere did the petitioners contest the facts alleged with relation to the nature of the accident or the employment. They paid compensation in the sum of $90 and filed their motion to discontinue payments alleging therein that the respondent had suffered the maximum of disability occasioned by the injury. Under rule 23 of the State Industrial Commission and numerous holdings of this court, we find that the petitioners did not raise the issue of the nature of the employment and there is sufficient evidence in the record to sustain the finding made in the order that the employment of the respondent was hazardous as defined by the sections above referred to. Section 13361, O. S. 1931, 85 Okla. St. Ann. § 27; Oklahoma Natural Gas Co. v. Davis, 181 Okla. 530, 75 P. 2d 435; Smith Const. Co. v. Swindell, 185 Okla. 35, 89 P. 2d 947.

It is next urged that there is no competent evidence in the record to sustain the finding of the State Industrial Commission that the average daily wage of the respondent was $7.31. This is raised for the first time in this proceeding, although the petitioners had filed a recognition of this daily wage and filed no denial under rule 23 of the State Industrial Commission and thereafter paid the maximum of $18 per week for temporary total disability. Under the rule announced above, we do not think the petitioners stood in any position to contest as to the average daily wage. R. S. Smith Const. Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091.

Petitioners contend that there was no evidence showing the type, character, or nature of the work claimant was engaged in at the time of the alleged injury; no evidence establishing that claimant was employed at a hazardous employment within the purview of the Workmen's Compensation Act, and that there was no evidence that the employer employed the requisite number of men necessary to give the Industrial Commission jurisdiction.

The notice of injury and claim for compensation discloses McQueen & Johnson as the employer, claimant's occupation as "helper on drilling rig," and the business of employer as "drilling contractors for production of oil and gas."

The business therein named is well recognized as one embraced within section 13349, supra, as hazardous within the meaning of the Workmen's Compensation Act. Oklahoma Company v. State Industrial Commission, 149 Okla. 18, 298 P. 1051; Ice v. Gardner, 183 Okla. 496, 83 P. 2d 378. It shows that claimant was an employee in such employment and it is common knowledge that such drilling contractors usually employ a sufficient number of men to bring them within the terms of the Workmen's Compensation Act, and it is a logical presumption that such is true herein.

It was not contended before the commission that it did not have jurisdiction, by controverting any of the facts alleged by claimant, but that question is raised for the first time in this court.

Section 13361, O. S. 1931, supra, provides in part:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act. . . ."

So the presumption that the claim comes within the provisions of the act must prevail in case of a failure to deny the allegations and reasonable inferences of the claim by pleading or evidence. Dillon v. Dillman, 133 Okla. 273, 272 P. 373.

It is next urged that there was no competent evidence of loss of wage-earning capacity. In the recent decision of this court in Southwestern States Tel. Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468, it is held that it is not necessary to show an actual change in the wages earned, but that upon proof of disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, the finding by the State Industrial Commission of a loss of wage-earning capacity will not be disturbed if there is any competent evidence that the physical disability interfered with his ability to earn wages. It is true that we have held that in an award for temporary disability the State Industrial Commission is not authorized to order payment for an injured employee who at the time of the hearing is being paid wages equal to that received at the date of the injury. In the case at bar the record discloses that since the date of the injury respondent has ceased work and has not been gainfully employed in any occupation. We therefore hold that there is competent evidence in the record from which the State Industrial Commission was authorized to find that the respondent was entitled to $8.84 because of loss of wage-earning capacity.

It is finally urged that there is no competent evidence to sustain the finding that the respondent has any disability which would interfere with his capacity to earn wages. Competent physicians testified that the respondent had a disability as a result of the accidental injury of December 3, 1939, and at least one of them testified that there would be a permanent result therefrom. As to whether or not an accidental injury resulted in disability and as to whether that disability is temporary or permanent is a question of fact to be determined by the evidence submitted to the State Industrial Commission, and this court has many times held that if there is any competent evi-

dence reasonably sustaining the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Rialto Lead & Zinc Co. v. State Industrial Commission, 112 Okla. 101, 240 P. 96; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734. There was competent evidence reasonably tending to support the finding of the State Industrial Commission as to the nature and extent of the disability.

Award sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.