BOARD OF COM'RS OF PAYNE COUNTY v. HAYTER et al.

No. 30892. March 2, 1943.

Rehearing Denied April 13, 1943.

*135 P. 2d 975.*

K. D. Greiner, County Atty., of Stillwater, and Cheek, Gibson & Savage, of Oklahoma City, for petitioner.

Johnson & Jones, of Bristow, and Guy Horton and Brown Moore, both of Stillwater, for respondent Albert P. Hayter.

OSBORN, J. This is an original action instituted in this court by the board of county commissioners of Payne county, hereinafter referred to as petitioner, to review an award of a trial commissioner of the State Industrial Commission entered in favor of Albert P. Hayter, hereinafter referred to as respondent.

On December 1, 1938, respondent filed a claim with the State Industrial Commission in which it was stated that on June 8, 1938, he received an accidental injury when a grader which he was operating struck a gas pipe "throwing the grader to one side causing claimant to fall against gas tank on grader." It was claimed that, as a result, respondent had sustained injuries to certain vertebrae of the spine.

On September 1, 1939, the commission was notified that respondent had instituted a common-law action for damages against the Sun Pipeline Company for the injuries sustained by him. On October 5, 1939, the commission entered its order approving the election to proceed against the pipeline company and ordered the claim held in abeyance pending said suit.

On March 12, 1941, respondent filed a motion in which it was stated that the litigation in the civil action had been terminated and it was requested that the claim be placed upon the active docket for immediate hearing. It appears that the litigation with the pipeline company was compromised and as a result thereof the respondent was paid the sum of $1,500.

Three hearings were held before a commissioner of the State Industrial Commission, and on March 18, 1942, an order and award was entered by said commissioner in which it was found that claimant was permanently and totally disabled and was entitled to compensation for a period of 500 weeks at the rate of $15.39 per week, less the sum of $1,500 theretofore paid by the Sun Pipeline Company in settlement of the common-law action for damages. This action is to review said award.

Petitioner urges that, under the provisions of 85 O. S. 1941 § 44, the settlement and compromise of the damage action was required to have the approval of the commission or the employer or insurance carrier, and that since claimant did not show such approval, he is precluded from obtaining any subsequent recovery of compensation against the county. The record in this case does not disclose whether said settlement and compromise was approved or not approved, and respondent contends that no issue in that respect was injected into the hearing before the Industrial Commission.

Three hearings were held before the

trial commissioner subsequent to the settlement, and at no time did petitioner challenge the jurisdiction or authority of the commission to enter an additional award by reason of said settlement and compromise. The respondent, at one of the hearings, testified as to the amount of the settlement and tendered in evidence the contract of settlement, to which petitioner made no objection. As stated before, the record does not disclose whether or not the settlement was approved by petitioner or by the Industrial Commission. If petitioner had desired to rely upon this settlement, as not having been approved in accordance with the terms of the statute, to defeat its further liability to claimant, it should have presented the same to the commission in a proper manner for the commission's determination thereon. This it failed to do, and the cause was submitted to the commission apparently upon the theory that the settlement was proper and valid.

While strictness of pleading is not required before the Industrial Commission, it is well settled that a party to an action, having presented his case or defense in the lower tribunal upon a certain and definite theory, will not ordinarily be permitted to change his theory in this court and prevail upon another theory and issue not presented below. Western Indemnity Co. v. State Industrial Commission, 96 Okla. 100, 219 P. 147, 29 A. L. R. 1419; Home Indemnity Co. v. Dollar, 166 Okla. 145, 80 P. 2d 230; McQueen & Johnson v. Morgan, 190 Okla. 219, 122 P. 2d 155.

A very similar situation was considered by the Court of Appeals of New York in the case of Burmester v. De Lucia, 263 N. Y. 315, 189 N. E. 231. Therein was involved a discontinuance of an action by a claimant under the Workmen's Compensation Law against a third party. The employer, though having knowledge of the pendency and discontinuance of the action against the third party, defended the proceeding before the Industrial Commission on the ground that the "accident did not arise out of or in the course of employment." On this issue it went to a final order. Thereafter, in the same proceeding, it moved to dismiss the same by reason of the unapproved discontinuance of the action against said third party. The court therein held:

"Insurance carrier could not with knowledge of one defense resist claim on another ground, and, on failing to succeed on that ground, avail itself of defense which it knew, but failed to urge on hearing before Industrial Board."

We, therefore, hold that petitioner in the instant proceeding is precluded from challenging the jurisdiction or authority of the commission to enter the award herein.

It is further argued that the evidence is insufficient to sustain the commissioner's finding of causal connection between the accidental injury and the disability. Medical men testified for petitioner and respondent. It appears that they were agreed that respondent was totally and permanently disabled. Respondent's expert witnesses testified that he was suffering from a traumatic arthritis which was a progressive result of the injury to his spine. One Dr. Goldfain, testifying in behalf of petitioner, stated that injury will produce traumatic arthritis, but in his opinion the respondent did not have traumatic arthritis but that he had ankylosing spondylitis, which was due to an infection of the spine, probably resulting from a tonsil infection. It thus appears that there is a sharp conflict between the witnesses with reference to the causal connection between the injury and the disability, but it cannot be said that there is no competent evidence to sustain the finding of the commissioner that the permanent total disability resulted from the accidental personal injury.

The award is sustained.

CORN, C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., concurs in result.