DENNEHY CONSTRUCTION CO. et al. v. KIDD et al.

No. 30939.  May 11, 1943.

*137 P. 2d 535.*

Mont R. Powell and L. B. Moore, both of Oklahoma City, for petitioners.

Carmon C. Harris, Rollie D. Thedford, and David C. Shapard, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the petitioners, Dennehy Construction Company and the State Insurance Fund, to review an award for total permanent disability entered by the Industrial Commission in favor of Frank Kidd, Sr., respondent.

The facts pertinent to the issues raised on appeal are: On the 27th day of July, 1936, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with petitioner, Dennehy Construction Company, on June 22, 1936; he sustained a fall, breaking several ribs and injuring his back and shoulders; on the 22nd day of October, 1936, he was awarded permanent partial disability for not to exceed 300 weeks under the "other cases" provision of 85 O.S.A. § 22, prior to amendment; he was paid 285 weeks at $18 per week on this award; all the medical testimony on behalf of the respondent in support of this award was to the effect that the claimant or respondent was permanently and totally disabled by reason of the injuries sustained as a result of said accident; the medical testimony of the petitioners at the hearing preceding the entry of such award was to the effect that the respondent was only partially and permanently disabled; the commission found that the respondent was perma-nently and partially disabled, but found that the respondent had no earning capacity; thereafter, and, to wit, on February 27, 1942, respondent filed a motion to reopen the cause on the ground of change in condition; an award for total permanent disability was entered under date of April 17, 1942, upon consideration of the testimony produced by the parties in support of and in defense to the claim of respondent under the allegations of his motion to reopen.

Dr. Walker testified for the respondent (claimant) in the proceeding prior to the original award in 1936; thereafter he treated the respondent and observed his condition throughout the succeeding years. His testimony is positive to the effect that there had been a change in the physical condition of the respondent, by reason of which he was totally and permanently disabled at the time of the later hearing. There is other medical evidence in the record supporting the finding of change in the physical condition of respondent. Without doubt the finding of the commission that the respondent had suffered a change in physical condition since the entry of the original award is supported by competent evidence.

We think the contentions of the petitioners may be fairly summarized in the following manner:

That there is no competent evidence to support the award for permanent total disability; that the award for permanent partial disability was tantamount to an award for permanent total disability in view of the testimony of respondent's doctors that he was permanently and totally disabled at time of entry thereof and the finding of the commission therein that he had no earning capacity; they argue that the finding of the commission that he had no earning capacity was binding thereafter and that no change in physical condition could decrease his earning capacity; that the award originally made was therefore conclusive that the respondent had no earning capacity and no showing would justify an award for further and additional compensation; that the com-

mission was therefore without authority to award further compensation.

That this contention is untenable is apparent when you consider the various pertinent sections of the Workmen's Compensation Act and accord to them their fair and reasonable import.

An award for injuries to specific members of the body under the act must be based upon the degree of permanent loss or impairment of use thereof at a rate of 66⅔ per centum of the injured employee's average weekly wages (85 O.S.A. §§ 21, 22). The same is true as to the rate of compensation where an award is made for total permanent disability. However, an award, under the "other cases" provision of the Workmen's Compensation Act prior to the amendment, for permanent partial disability must be for compensation for a period not to exceed 300 weeks at a rate representing 66⅔ per centum of the difference between the employee's average weekly wages and his wage-earning capacity.

It will be observed that the method of computing the rate of compensation is basically different in the "other cases" class of claims. In this class of cases it is necessary for the commission, in order to arrive at the rate of compensation to be paid, to determine the wage-earning capacity of the employee because 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity represents the compensation rate so long as this amount does not exceed the maximum of $18 nor less than the minimum of $8. Except for this provision of the statute it would not be necessary for the commission to make a determination of the wage-earning capacity in such a case as the one at bar. So it follows that the only reason for the determination of the wage-earning capacity of the injured employee by the commission in its original award was because such a determination was necessary in order to fix the rate of compensation ordered, and such a determination should be considered only as a determination of the earning capacity of the injured employee as of the date of the determination thereof. Of course, his physical condition and earning capacity might thereafter change.

The finding of the commission that the respondent was at the time of the original award permanently and partially disabled was supported by competent evidence and is conclusive, contrary to the contention of the respondent that his disability was permanent and total at that time. The commission's finding that the respondent was without earning capacity at the time of the award was not a finding that he would permanently be without earning capacity. Surely, if the commission thought at the time it entered its original award that the respondent would, by reason of his disability then existing, be permanently and totally without earning capacity, it would have entered an award for permanent total disabiilty, but, as has hereinbefore been indicated, the determination of earning capacity having been made only for the purpose of fixing the rate of compensation, it will be considered, as the commission intended, only as a determination that the earning capacity of the respondent at that time was nil. If at the time of the entry of the permanent partial award the petitioners had had any objection to the rate of compensation fixed, they should have raised the question at that time. They did not do this and the rate of compensation fixed in the original award became final and binding until reconsidered and redetermined upon showing as required by the act. And this is true, though conceding, for the sake of argument, that the finding of the commission that the respondent had no earning capacity at the date of the original award was erroneous. Then, too, it should be borne in mind in this connection that the Legislature in its provision with reference to "other cases" contemplated that such a partial disability might run for even a period of 300 weeks, the maximum provided, and therefore made provision for reconsideration of the *degree of such impairment* by the commission upon its own motion or upon the application of any

party in interest. This plainly discloses that the degree of physical impairment is subject to reconsideration upon the ground of change in condition, and likewise the finding of the commission as to the extent of decrease in earning capacity would necessarily be subject to reconsideration and change upon a showing of change in condition of the degree of disability.

Upon its own motion or upon the application of any party in interest on the ground of change in condition, the commission may at any time review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act. (Sec. 28.) In consideration of the testimony offered the commission concluded in this case that the respondent suffered a change in physical condition, subsequent to the entry of the former award, and by reason of his injuries was permanently and totally disabled and awarded further compensation at the rate of $18 per week as fixed by it under 85 O. S. 1941 § 22 (1).

In view of what we have hereinbefore said, the procedure was correct and the award entered on the basis of permanent total disability was reasonably founded upon competent testimony introduced at the trial.

The petitioners cite and rely upon Texas Company v. Atkinson, 178 Okla. 480, 62 P. 2d 1204, and Brown Bros. v. Parks, 176 Okla. 615, 56 P. 2d 883. In the Texas Company Case the injured employee claimed that a kidney infection following an eye injury resulted in permanent total disability. The commission found that the kidney infection did not result from nor was it in any way attributable to the accident, and denied his claim. In the Brown Bros. Case the commission found that the complaint of the claimant, to wit, epilepsy, was not produced by nor attributable to the accident, and denied his claim. Thereafter, in each case, on a purported showing of change in condition the commission found that a change of condition had taken place and awarded compensation. We correctly held on review in those cases that it had been formerly adjudicated that the disabling complaint in each case was not the result of the accident complained of, and held that a change in the epileptic condition in the one case and the kidney infection in the other was not sufficient to nor did it show a change of condition of the claimant resulting from the accident. It is apparent from what has been said that these cases are not in point here.

Petitioners also cite and rely upon Southwestern States Telephone Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468, and Myers Drilling Co. v. Jones, 184 Okla. 16, 84 P. 2d 40. It is contended by them that in the foregoing cases we held that a finding by the Industrial Commission in a permanent partial award under the "other cases" provision of the act that the claimant had no earning capacity would be binding upon the claimant if the order became final, and would thereafter preclude an award for total permanent disability. Though that question was not an issue in those cases, we did, in effect, say that such a finding would be binding and thereafter preclude an award for further additional compensation. The actual issue presented in those cases was whether or not the commission committed error in making such a finding under the facts in the cases. The records in those cases disclose that the Industrial Commission's finding that the claimants involved had no earning capacity was erroneous. The testimony in those cases established that each claimant did have some earning capacity. We said such finding in each of those cases was erroneous and sent the cases back to the Industrial Commission, with directions to determine the wage-earning capacity of the claimants involved.

For the reasons given, the language used by us in the foregoing cases, contrary to the views herein expressed, is hereby disapproved.

Award affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, J., absent.