Mrs. C. L. MURRELL, Appellant,

v.

Bruce GOERTZ, and the Oklahoma Publishing Company, Appellee.

No. 52282.

Court of Appeals of Oklahoma, Division No. 1.

May 1, 1979.

Rehearing Denied June 5, 1979.

Certiorari Denied July 16, 1979.

Released for Publication by Order of Court of Appeals July 19, 1979.

Phillip W. Redwine, Norman, Foliart, Mills & Niemeyer, Oklahoma City, for appellant.

Harry R. Palmer, Jr., Oklahoma City, for appellee.

REYNOLDS, Judge:

Mrs. C. L. Murrell, plaintiff in the trial court, appeals the order sustaining the motion for summary judgment in favor of co-defendant Oklahoma Publishing Company (appellee), in a suit for damages resulting from an alleged assault and battery by co-defendant Bruce Goertz.

On August 27, 1976, Bruce Goertz was making monthly collections for the delivery of appellant's morning newspaper, the Daily Oklahoman, which is published by appellee. Appellant questioned Goertz concerning damage to appellant's screen door caused by the newspaper carrier throwing the newspaper into it. An argument ensued culminating in appellant slapping Goertz who in turn struck appellant. As a result thereof, appellant was allegedly injured, requiring medical treatment and subsequent hospitalization. Appellant filed suit in the District Court of Oklahoma County seeking a total of $52,500 for past and future medical expenses, pain and suffering, and exemplary damages.

Appellant's petition contends that Goertz was a servant of appellee either by agreement between the co-defendants, or by appellee creating the apparent belief in appellant that Goertz was a servant by allowing Goertz to deliver the paper, advertise that product, and to collect for accounts due. Both appellee and Goertz answered denying that Goertz was appellee's servant.

Pursuant to District Court Rule 13, appellee filed a motion for summary judgment which was sustained by the trial court. The trial court then denied appellant's motion for new trial and this appeal was perfected.

■ A summary judgment is properly granted only where the pleadings, exhibits, admissions, and depositions present no substantial controversy as to material facts or issues. *Weeks v. Wedgewood Village, Inc.*, Okl., 554 P.2d 780 (1976). The movant must show that there is no substantial controversy as to the material facts or issues. Once the movant has accomplished this, the opponent then has the burden of showing that evidence is available that would justify a trial of the issue. *Runyon v. Reid*, Okl., 510 P.2d 943 (1973).

■ The line of demarcation between an independent contractor and a servant is not clearly drawn. An independent contractor is one who engages to perform a certain service for another according to his own methods and manner, free from control and direction of his employer in all matters connected with the performance of the service except as to the result thereof. *Miller Construction Co. v. Wenhold*, Okl., 458 P.2d 637 (1969). The parties agree that the decisive test for determining whether a person is an employee or an independent contractor is the right to control the physical details of the work. *Dodd v. Rush*, Okl., 406 P.2d 261 (1965).

■ To determine if a person is a servant or an independent contractor, one must look to the facts of each case. *Hartwig v. Benham Engineering Co.*, Okl.App., 519 P.2d 932 (1974). If the evidence concerning the status of a party defendant is reasonably susceptible of but a single inference, the question is one purely to be decided by the court. *Coe v. Esau*, Okl., 377 P.2d 815 (1963). Where the defendant's status forms a material issue in the case and the facts bearing on that issue are disputed, or where there is room for reasonable difference of opinion as to the proper inference to be drawn from the known facts, the issue is for the jury under proper instructions by the court, *Morian v. Lollis*, Okl., 371 P.2d 473 (1962), and it is error to withhold the issue from their determination. *Texaco, Inc. v. Layton*, Okl., 395 P.2d 393 (1964).

■ Appellant contends that the distribution of papers and the collection of money therefor is an integral part of appellee's business. Appellant cites the following factors as indicative of the high degree of control appellee possesses over the physical details of the work: ultimate control over

the territorial boundaries of Goertz's route; appellee set a standard policy that paper deliveries be completed by 6 a. m.; appellee set policy that all papers were to be held by rubber bands; customers who were missed by the carrier called appellee to report it; complaints concerning the service were lodged with appellee; and new subscribers called appellee to initiate newspaper service.

Appellee submits that the affidavit of Russell Westbrook and Goertz's deposition reveal that Goertz had no contact with appellee. Westbrook stated that he was an independent newspaper distributor for appellee and that he employed Bruce Goertz as an independent carrier salesman. Westbrook further stated that Goertz was responsible only to him for the delivery of the newspapers and was in no way under the supervision, dominion, and control of appellee. By the terms of Westbrook's contract, he was an independent contractor and likewise not subject to the supervision, dominion, and control of appellee as to the manner and method of performing his job. Appellee further cites the statements of Westbrook and Goertz that Goertz was collecting money for Westbrook at the time of the incident with appellant, and that appellee received money only from Westbrook.

From a review of the record we conclude that the evidence is reasonably susceptible of but one inference. Bruce Goertz was hired as an independent carrier salesman by his friend Russell Westbrook, who was himself an independent contractor. Appellee had no input into the decision to hire Goertz and had no knowledge of his employment. Goertz had no direct contract with appellee in his business operations. While appellee established certain policies and standards to which all distributors and carriers were to adhere, such policies and standards do not rise to that level of supervision, dominion, and control over Goertz's day to day activities as to make him appellee's servant.

AFFIRMED.

ROMANG, P. J., and BOX, J., concur.