**William James NOYCE, Appellant,**

v.

**RATLIFF DRILLING COMPANY, Appellee.**

**No. 70188.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 19, 1989.

Rehearing Denied Feb. 12, 1990.

Certiorari Denied May 8, 1990.

Richard A. Pizzo, Oklahoma City, for appellant.

Michael L. Darrah, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

Appellant William James Noyce (Noyce) filed this negligence action against Ratliff Drilling Company for personal injuries suffered in an oilfield accident. Ratliff moved for summary judgment on the ground that the Workers' Compensation Act provided the sole and exclusive remedy for Noyce's injuries. The trial court granted summary judgment and Noyce has lodged the instant appeal.

The trial court made no special finding that the Workers' Compensation Court had exclusive jurisdiction, but generally found in Ratliff's favor. By granting summary judgment to Ratliff, the trial court impliedly found that the Workers' Compensation Act provided the exclusive remedy. It is well established that where a judgment is based on a general finding, the judgment is deemed to include a special finding on any and all issues necessary to sustain the judgment. *A.K. McBride Const. Co. v. Arkhoma Steel Erection Co.*, 348 P.2d 541 (Okl.1959); *Cloud v. Winn*, 303 P.2d 305 (Okl.1956).

Summary judgment is properly granted only where the pleadings and evidentiary materials present no substantial controversy as to material facts or issues. *Murrell v. Goertz*, 597 P.2d 1223 (Okl.App.1979). Upon review, all inferences and conclusions to be drawn from the underlying facts in the record presented below should be viewed in the light most favorable to the party opposing the motion. *Thompson v. Madison Machinery Co.*, 684 P.2d 565 (Okl.App.1984).

Noyce's sole contention on appeal is that the trial court erred in finding that the Workers' Compensation Court had sole and exclusive jurisdiction in the matter.

 The Workers' Compensation Act abrogated the common law right of action for damages by an employee and substituted an exclusive remedy in place of all other liability of the employer and co-employ. 85 O.S.Supp.1985, § 11; 85 O.S.Supp.1984, § 12, *Carroll v. District Court of Fifteenth Judicial Dist. Court, Cherokee County*, 579 P.2d 828 (Okl.1978). Workers' compensation statutes were designed to provide the exclusive remedy for acci-

dental injuries sustained during the course and scope of a worker's employment. *Thompson v. Madison Machinery Co.*, supra.

However, 85 O.S.Supp.1984, § 12 provides certain exceptions wherein common law tort liability still exists, in pertinent part as follows:

The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person. If an employer has failed to secure the payment of compensation for his injured employee, as provided for in this title, an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided:

(i) The immunity created by the provisions of this section shall not extend to action by an employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person against another employer, or its employees, on the same job as the injured or deceased worker where such other employer does not stand in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker;

(ii) The immunity created by the provisions of this section shall not extend to action against another employer, or its employees, on the same job as the injured or deceased worker even though such other employer may be considered as standing in the position of a special master of a loaned servant where such special master neither is the immediate employer of the injured or deceased worker nor stands in the position of an intermediate or principal employer to the immediate employer of the injured or deceased worker; and

(iii) This provision shall not be construed to abrogate the loaned servant doctrine in any respect other than that described in paragraph (ii) of this section. This section shall not be construed to relieve the employer from any other penalty provided for in this title for failure to secure the payment of compensation provided for in this title ...

Evidence before the trial court, when viewed in light favorable to Noyce, showed the following facts. In late 1985, TXO (principal employer) was involved in drilling an oilwell in Stephens County, Oklahoma. TXO contracted with Ratliff Drilling Company and Nichols Casing Crews (Nichols) for assistance in drilling the well. Both Nichols and Ratliff worked together in a common scheme to assist TXO. Noyce was employed by Nichols Casing Crews.

On January 16, 1986, Ratliff was assisting TXO by running its drilling rig and had one employee on location. Nichols, which was in the business of running casing in a wellbore, used Ratliff's drilling rig to assist it in its casing operation. Nichols' elevators were attached to Ratliff's drilling rig, which raised and lowered the elevators once they were attached to the casing.

In so doing, it was Noyce's job, as an employee of Nichols, to attach Nichols' elevators to the casing prior to lowering of the casing. Ratliff's employee (driller) controlled the elevators upon hand signals given by Noyce.

At the time of the accident, Noyce hand-signalled Ratliff's driller to move the elevator. Ratliff's driller raised the elevator and quickly dropped it, causing serious injury to Noyce's hand.

In its motion for summary judgment, Ratliff argued that both it and Nichols were subcontractors working in the same endeavor and that Ratliff's driller was a

loaned servant to Nichols, thereby shielding Ratliff from common law tort liability.

 Under the loaned servant doctrine, one who is a general servant of another may be loaned or hired by his master to another for some special service so as to become, as to that service, the servant of such third person. *Ishmael v. Henderson*, 286 P.2d 265 (Okl.1955). In order to escape liability for negligence of the servant while performing work for the person to whom he was loaned by his master, the original master must resign full control of the servant for the time being, and the servant does not become a servant of the person for whom the work is performed merely because such person points out work to the servant or gives him directions as to the details and manner of doing the work. *Hodges v. Holding*, 204 Okl. 327, 229 P.2d 555 (1951).

Ratliff relies upon the case of *Smith v. Hall*, 418 P.2d 665 (Okl.1966), in which it was established that the loaned servant doctrine precludes liability to a general employer or contractor. However, this case was decided in 1966, under statutory law since superseded by 85 O.S.Supp. 1984, § 12.

Section 12 was amended to allow exceptions to the exclusive remedy provisions of former Section 12 codified as 85 O.S.1981, § 12. By enacting the present Section 12(ii), our legislature provided that the immunity created by Section 12 shall not extend to an action against another employer (Ratliff) on the same job as the injured worker (Noyce) even though such other employer (Ratliff) may be considered as standing in the position of a special master of a loaned servant (driller) where the special master (Ratliff) neither is the immediate employer of the injured worker (Noyce) nor stands in the position of an intermediate or principal employer (TXO) to the immediate employer of the injured worker (Nichols). The loaned servant doctrine has been abrogated by Section 12(ii) in factual situations such as the case at bar where an employee of a subcontractor sues another subcontractor for that subcontractor's neg-

ligence. *See Newport v. Crane Service, Inc.*, 649 P.2d 765 (Okl.1982).

We find the trial court erred in granting summary judgment as the facts of this case fall directly within the immunity exception provided in 85 O.S.Supp.1984, § 12(ii).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

GARRETT, P.J., and MacGUIGAN, J., concur.