2010 OK CIV APP 22

**Donald P. GRIFFITH, Petitioner,**

v.

**UPS, INC.; Liberty Insurance Corp.; and the Workers' Compensation Court, Respondents.**

**No. 106,706.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 13, 2009.

Certiorari Denied Feb. 1, 2010.

---

7. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

J.L. Franks, Raymond L. Lahann, Frasier, Frasier & Hickman, Tulsa, OK, for Petitioner,

James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondents.

BAY MITCHELL, Chief Judge.

¶ 1 Petitioner Donald P. Griffith (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court. The panel affirmed the trial court's award of temporary total disability (TTD) benefits, permanent partial disability (PPD) benefits, and denial of Claimant's request for additional compensation based upon actual loss of earning capacity. On review, Claimant contends the court erred in denying his claim for compensation for his loss of earning capacity.

¶ 2 Claimant is a 61–year–old, who worked for approximately 20 years as a route driver for UPS, Inc. (Employer). Claimant injured his neck, lumbar back and right hip as a result of a fall occurring on or about November 14, 2005.[1] While Employer admitted Claimant sustained a single-event injury, it denied Claimant suffered permanent disability and denied the November 14th fall was the major cause of Claimant's injuries. Employer additionally denied Claimant was enti-

---

1. While the trial court's Order reflects the date of injury as November 14, 2005, the Claimant's Form 3 indicates December 15, 2005 as the date of injury. Neither party to this appeal raises an issue regarding the date of injury.

tled to additional compensation for loss of earning capacity.

¶ 3 Claimant received physical therapy, steroid injections and medication until he was released from medical care in February 2007. Claimant testified he was placed on a lifting restriction of 35 pounds. According to Claimant, UPS has a lifting requirement of up to 150 pounds, so he has been unable to return to UPS.[2]

¶ 4 At trial, evidence was introduced concerning Claimant's diminished earning capacity.[3] A vocational expert, Kathy Bottroff,[4] testified Claimant's loss of future earning capacity is in the range of $170,000 to $204,244. Claimant argued his entitlement to an award of *"damages"* for this loss of earning capacity within the range of loss as opined by Ms. Bottroff, "separate and apart from the TTD issue".[5]

¶ 5 The Workers' Compensation Court entered its order determining compensability, concluding Claimant's work activities were "the major cause of his resulting injuries." The trial court awarded fifty-one weeks of TTD. Additionally, Claimant was determined to have PPD to the neck, lumbar back and right hip. The trial court denied Claimant's request for additional compensation or damages based upon his loss of earning capacity as testified to by Kathy Bottroff.

¶ 6 The issue presented for our consideration—the legality of the denial of benefits for Claimant's loss of actual earning capacity—requires statutory construction. This is a question of law which we review *de novo,* meaning without deference to the trial court's reasoning. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1123. This is in contrast to the any-competent-evidence standard by which we review factual determinations. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶ 12, 684 P.2d 548, 552.

■ ¶ 7 Claimant contends the schedule of compensation found at 85 O.S. Supp.2005 § 22(3),[6] constitutes statutory support for the award of "damages" for a claimant's actual diminished earning capacity. Claimant urges a distorted construction of this statutory language in order to reach the conclusion that the trial court is *required* to award compensation for an amount, *separate and apart from the PPD award,* based upon proof of diminished wage earning capacity.

■ ¶ 8 Where a statute's language is plain and unambiguous, no room exists for construction of its language. *Oldham v. Drummond Bd. of Educ.,* 1975 OK 147, ¶ 9,

2. After Claimant's injury, he worked for Employer in a light duty capacity until December 27, 2005, when it was determined there was no longer light duty available.

3. At the time of Claimant's injury, he was earning $26 per hour ($54,433 annually).

4. Kathy Bottroff is a licensed professional counselor and a certified rehabilitation counselor in Oklahoma.

5. THE COURT: Well, I—basically what you're saying is that, based upon her report, she finds how much loss of future earning capacity?
   Mr. Franks: The range would be 170,000 and some change to 204,000.
   THE COURT: All right. And you're saying that that's what the court ought to award him, is the actual amount of that loss of earning capacity, instead of a rating of—
   Mr. Franks: Permanent disability.
   THE COURT: Yes. Permanent disability of the injured body parts?
   Mr. Franks: Yes, sir. And that would also separate and—
   THE COURT: That's really all I wanted you to say.

   Mr. Franks: It's separate and apart from the TTD issue.
   Tr. at 27–28.
   It is not entirely clear whether at trial Claimant sought these "damages" *in addition to* PPD or *in lieu thereof.* While the hearing transcript suggests they were sought in lieu of the PPD award, Claimant's brief on appeal indicates the amount sought is in addition to the PPD award. What is clear is the absence of citation to applicable Oklahoma authority supportive of such damages, however they were sought below.

6. § 22(3)(d) provides in pertinent part:
   In all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section, unless there is objective medical evidence of a permanent anatomical abnormality. *In determining the existence of such an abnormality,* the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.
   (Emphasis added).

542 P.2d 1309, 1311. The plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent. *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 13, 33 P.3d 302, 307.

¶ 9 While the statutory language *permits consideration* "of credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired," this is clearly (and only) for the purpose of determining the "existence" of permanent disability.[7] There is no way to reasonably construe the statute as mandating, or even allowing, an award of "damages" or compensation in addition to and/or separate from the PPD award. Additionally, under Oklahoma's Workers' Compensation scheme, injured employees are not entitled to recover damages as in a common-law action, but rather, The Workers' Compensation Act is claimants' exclusive remedy in place of all other liability of the employer. *Noyce v. Ratliff Drilling Co.,* 1989 OK CIV APP 99, 790 P.2d 1129. Finally, while Claimant would have the court award him between $170,000 and $204,000 as an award separate and distinct from his PPD award, such an award is clearly and considerably in excess of the statutory limitations of compensation payments under the provisions of the Workers' Compensation Act. *See* 85 O.S. Supp.2005 § 22(6).

¶ 10 As an alternative to his strained interpretation of § 22, Claimant cites a Louisiana statute in support of his claim for additional damages for actual loss of earning capacity.[8] Louisiana law, however, is neither controlling nor persuasive here.[9]

¶ 11 The trial court correctly denied Claimant's request for compensation based upon his actual loss of earning capacity. The panel-approved Order of the Workers' Compensation Court is accordingly SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.

---

7. Findings regarding post-injury lost earning capacity are a basis for determining permanent disability. *See e.g., Simpson Fell Oil Co. v. Tucker,* 1932 OK 481, 12 P.2d 529. Further, findings as to earning capacity may be considered only as of the date of determination, as physical condition and earning capacity of the injured employee may thereafter change. *Dennehy Const. Co. v. Kidd,* 1943 OK 173, 137 P.2d 535.

8. Claimant's Brief in Chief provides, "[t]his supplemental earning capacity as described in the Louisiana state code is the missing piece of the Oklahoma worker's compensation system." While inconsistent with Claimant's primary argument that § 22 mandates the additional award for actual loss of earning capacity, this statement serves as an effective acknowledgment of the absence of Oklahoma law in support of his claim.

9. *See Blythe v. University of Oklahoma,* 2003 OK 115, ¶ 11, 82 P.3d 1021, 1028 (rejecting the application of Rhode Island law in derogation of Oklahoma workers' compensation statutory and case law).